STATE of Missouri, Respondent,

v.

Roscoe THOMAS, A/K/A Sonny Maddox, Appellant.

No. WD 30677.

Missouri Court of Appeals, Western District.

Nov. 3, 1980.

Lee M. Nation, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

Roscoe Thomas, charged also under the name Sonny Maddox, was tried by a jury and found guilty on two counts of robbery in the first degree and on one count of armed criminal action. As a second offender, Thomas was sentenced by the court to consecutive terms of fifteen years on each robbery conviction and a concurrent term of fifteen years on the conviction for armed criminal action.

As his first point, on which this appeal is resolved, Thomas contends that the jury which convicted him was unrepresentative under the decision in *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979). The record is at best equivocal as to efforts by Thomas to raise the jury composition question at trial and, by reason of this, he suggests that the constitutional question be considered in this court as plain error.

■ Thomas was tried November 14, 1978 and he therefore comes within the chronological span delineated in *State v. Carter*, 591 S.W.2d 219 (Mo.App.1979). If previous doubt existed as to the availability of the *Duren* issue for plain error review in circumstances where the point is raised for the first time on appeal, that doubt was laid to rest by *State v. Johnson*, 606 S.W.2d 624 (Mo. banc 1980).

■ Being bound by the decision in *Johnson*, we are obligated to reverse Thomas' conviction and remand the cause for a new trial. Other questions raised by Thomas concern events unlikely to occur on retrial; however, appropriate recognition should be given to the decisions in *Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980) and *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980), in view of the count charging Thomas with armed criminal action.

The judgment is reversed and the cause is remanded.

All concur.