**STATE of Missouri, Respondent,**

v.

**Roscoe THOMAS, Appellant.**

**No. WD 32597.**

Missouri Court of Appeals, Western District.

May 4, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 23, 1982.

Application to Transfer Denied Sept. 13, 1982.

Myron S. Silverman and Mark A. Bluhm, Kansas City, for appellant.

John Ashcroft, Atty. Gen., and John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Defendant Roscoe Thomas was convicted upon a jury trial of two counts of first-degree robbery, § 560.120, RSMo (repealed 1/1/79), and was sentenced to two consecutive terms of 15 years' imprisonment.

An earlier conviction was reversed by this court in pursuance of *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979); *State v. Thomas*, 607 S.W.2d 831 (Mo.App.1980), and the cause remanded for a new trial.

Defendant presents two points of alleged error on the part of the trial court which he claims entitle him to a reversal of his conviction.

The first point is impermissible delay of trial under § 545.780.4, RSMo 1978. The second is that the court erred in permitting him to conduct his own defense.

*Delay in trial.*

This court's mandate in *State v. Thomas*, supra, was issued December 2, 1980, and was received by the trial court on December 3.

The trial commenced on February 10 after the trial court had overruled defendant's motion to dismiss for failure to commence the trial within 60 days of December 3, 1980, which was the date upon which this court's mandate ordering a new trial was received by the trial court. The court's overruling of that motion to dismiss is assigned as error by the defendant. He asserts that the failure to be brought to trial within 60 days of December 3, 1980, entitles him to a dismissal of the charges against him.

■ The defendant's point must be rejected. The statute, § 545.780, RSMo 1978, while requiring trial of an accused within 60 days of the trial judge's granting a new trial, places no limitation upon the time within which trial is to take place after a new trial has been awarded by an appellate court. Subsection 4 of the statute reads in part as follows:

If the defendant is to be tried again following a declaration *by the trial judge* of a mistrial or following an order *of such judge* for a new trial, the new trial shall commence within sixty days from the order of the judge declaring a mistrial or a new trial ... (emphasis supplied).

Defendant argues that the omission of a time limit when the new trial is ordered by an appellate court is an oversight of the legislature. He points to the Federal Speedy Trial Act, 18 U.S.C.A., § 3161(e)

(Cum.Supp.1982), after which our statute is patterned, which specifically provides that a court of appeals order for a new trial shall commence the running of the period (there 70 days) within which the trial is to commence. From that he argues that the omission from our statute of a similar provision was inadvertent, and that we should supply the omission by interpretation. We are really unable to understand why the provision was omitted from our Speedy Trial Statute, and defendant may be right when he argues that the omission was an oversight. But we cannot supply by fiat a supposed oversight of the legislature. We may only interpret and enforce what the legislature has written. If the omission was unintentional, as the defendant argues, the legislature may correct it by amendment.

Appellant's speedy trial point is denied.

*Waiver of counsel.*

▪ For his second point, defendant says that the court erred in allowing him to represent himself in that his decision to waive counsel and to conduct his own defense was not voluntary, intelligent, clear and unequivocal. He argues that the court should have required Kevin Locke, an attorney from the public defender's office who had been appointed to represent defendant, to conduct his defense, or should have appointed other counsel to represent him.

The court had appointed the public defender's office to represent the defendant. In the first trial assistant public defender Tobin had appeared for defendant, although defendant had actually conducted his own defense at trial. In the present trial it was assistant public defender Kevin Locke who appeared for him. Defendant before the trial began adamantly opposed Mr. Locke's representation. When the court inquired why, defendant's reasons were largely non-specific. He complained of Mr. Locke's "working with the prosecutor", "not acting in my best interest", "incompetent". The only specific complaint he voiced was that Mr. Locke had filed two unauthorized applications for continuances, which had resulted in 35 days' delay of trial. He requested the appointment of another lawyer. When this was refused he opted to conduct his own defense.

In response to interrogation by the court, the defendant said he had had a high school education, understood what it was to make an objection, and understood the procedure of selecting and instructing juries. The defendant, as noted above, had conducted his own defense in the earlier trial and had had considerable experience with the criminal justice system as a defendant. Just what assistance had been rendered by assistant public defender Tobin in the first trial is not shown on this record.

Judge Vardeman allowed the defendant to sign a waiver of counsel and to conduct his own defense. He did require Mr. Locke to remain in the courtroom during the trial, to be available for consultation by the defendant during the trial. This was over defendant's protest that, "I don't want anybody in the public defender's office while my case is going on".

Mr. Locke did remain in the courtroom throughout the trial. He told the court at the beginning of the trial that he had prepared a list of questions to be used by the defendant on voir dire and motions for a judgment of acquittal, and that he had had a subpoena served to secure certain medical records of Truman Medical Center produced by the records custodian, showing the defendant's treatment at the hospital on the night of the alleged robberies. He also said that he intended to take notes of the testimony for defendant's use in preparing his closing argument, if he chose to use them, and that he would prepare any instructions defendant might wish to offer. He stated that he would *sua sponte* prepare instructions which he thought the defendant should request; for the defendant to offer if he chose to do so.

The court's action with respect to defendant's conducting his own defense is not subject to the criticisms which defendant makes. Defendant emphasizes that his waiver of counsel and his request to represent himself were not "unequivocal", citing familiar language of *Crider v. Swenson,* 316 F.Supp. 985 (W.D.Mo.1970); *United*

**84**

States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965); *Walker v. Loggins,* 608 F.2d 731 (9th Cir. 1979); *United States v. Bennett,* 539 F.2d 45 (10th Cir. 1976), cert. denied 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976).

We are satisfied that the trial court was correct in holding that the defendant's waiver of counsel was clear and unequivocal, knowing and intelligent. Defendant's renunciation of the representation by the public defender's office was not only clear and unequivocal, but was emphatic. He expressed doubt of his own ability to conduct his defense and wanted the court to appoint him another attorney, one not in the public defender's office. However, a defendant is not entitled to have any particular attorney represent him. *State v. Washington,* 570 S.W.2d 838, 842 (Mo.App. 1978); *State v. Haddix,* 566 S.W.2d 266, 275 (Mo.App.1978). And see particularly *State v. Rollie,* 585 S.W.2d 78, 84–85 (Mo.App. 1979). In this instance defendant advanced no reason at all why Mr. Locke could not adequately represent him. His complaints against Mr. Locke were the merest cavil. The court so found and we will not disturb that finding.

In the circumstances of this case, the interrogation of the defendant by the court and the court's warnings to the defendant of the hazards of self-representation as required by *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and *Powell v. State,* 581 S.W.2d 37 (Mo. App.1979), were sufficient. The trial court did not, it is true, go as fully into defendant's appreciation of the risks of self-representation as would have been desirable. For a detailed agenda to be followed by the trial court in these cases, see *State v. Quinn,* 565 S.W.2d 665, 676–677 (Mo.App. 1978). In our case the defendant had conducted his own defense in an earlier trial of the same case, and had succeeded in securing two consecutive and one concurrent 15-year sentences for himself. He cannot claim very convincingly that he was un-aware of the risk he was taking in conducting his own defense.

The judgment is affirmed.

All concur.