**STATE of Missouri, Respondent,**

v.

**Earl Luther WELLS, Appellant.**

**No. 49142.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1985.

Application to Transfer Denied Jan. 15, 1986.

Mark V. Clark, Columbia, for appellant.

William L. Webster, Atty. Gen., Mary Elise Burnett, Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction, by a jury, of two counts of stealing. He was sentenced, by the court as a prior offender, to terms of seven years' imprisonment on each count, each term to be served consecutively. We affirm.

Sufficiency of the evidence is not challenged. At about 3:30 a.m. on March 5, 1984, an unidentified man informed the night auditor at the Drury Inn in Cape

Girardeau, Missouri a person was tampering with cars. The auditor was given the license number of that person's automobile, a blue and white Cadillac, and a description of the person, and relayed this information to the police by telephone. While he was calling the police, the informant told the auditor the car was being driven into the parking lot of a nearby Holiday Inn. This information was also given to the police, who arrived on the scene very quickly.

Upon arrival, the police found the Cadillac, and saw a man fitting the description relayed by the night auditor throw a crowbar and two screwdrivers in the car. This man (defendant) attempted to flee, but was caught. He initially refused to identify himself, but relented after a few minutes and provided a driver's license. The Cadillac was licensed to a Mr. Copple. Defendant possessed it because he was buying it from him. A computer check revealed defendant was wanted on a warrant from Butler County, and he was arrested. After he was taken into custody, he was asked what he wanted to do with the car. He replied "[N]othing better happen to that car," so it was impounded and the contents inventoried. During the inventory search, goods were found that were reported as stolen from the cars in the Drury Inn parking lot.

After a hearing, defendant's motion to suppress the fruits of the inventory search, apparently on the grounds the inventory was a pretext to gather evidence and because the police lacked probable cause to arrest him, was denied. Between the hearing on the motion to suppress and the trial, defendant apparently grew dissatified with his appointed counsel, and following selection of the jury, elected to proceed *pro se*. The public defenders who had been his counsel were appointed to remain and assist him. Their further participation in the trial was *de minimus*.

■ Defendant first proffers error in the court's allowing him to proceed *pro se* at trial, claiming he was not mentally competent to make a knowing and intelligent waiver of the right to counsel, and unqual-

ified to act as his own attorney. It is well settled that a defendant may choose to forgo the right to the assistance of counsel and defend himself. For this choice to be valid, however, the record must reflect a knowing and intelligent waiver of the right to counsel. *State v. Watson*, 687 S.W.2d 667, 669 (Mo.App.1985).

The desire to proceed *pro se* was announced on the record after the jury was empaneled. The court questioned defendant, and, among other points, verified his desire to act *pro se*, inquired about his education and contrasted it with an attorney's, informed him of the perils of self-representation, and informed him he would be held to the standards of an attorney in presenting his case. After this examination, the sufficiency of which is not challenged, the court allowed him to proceed *pro se*, and appointed the public defenders who represented him prior to that time to act as his advisors and sit in on the trial. Citing his youth (28 years old), lack of education (G.E.D. Certificate and "a few" quarters of college), lack of preparation to defend himself, "incoherence," and lack of legal skills, defendant claims he was not mentally competent to waive his right to counsel.

■ In considering a requested waiver of counsel, the court must determine the mental competency of the defendant to proceed *pro se*. This determination is a matter consigned to the sound discretion of the trial court. *State v. Blackmon*, 664 S.W.2d 644, 648 [2, 3] (Mo.App.1984). No abuse of that discretion occurred here.

First, no suggestion was made by anyone at any time prior to the motion for new trial to the effect defendant was incompetent, either to stand trial, or to proceed *pro se*. *Compare Blackmon, supra*. While relatively youthful, he had more education than many found to be competent to defend themselves. *Compare Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (high school); *State v. Nicolosi*, 588 S.W.2d 152, 157 (Mo.App.1979) (fourth grade). No "incoherence" appears on the record. Those passages relied upon by de-

fendant to establish this "incoherence," while verbose, bellicose, and emotional, are more indicative of frustration with the course of proceedings than with incompetence or incoherance.

■ Nothing in defendant's courtroom performance suggested incompetence. *Cf. State v. Howard*, 668 S.W.2d 191, 192–95 (Mo.App.1984). He admits he showed "signs of adequacy" at points in the proceedings. He cross-examined and impeached witnesses, introduced evidence, and made objections (at times apparently after consultation with the attorneys appointed to assist him), all in accordance with proper courtroom procedure and decorum. It is unfortunate if the trial unmasked defendant's lack of legal skills; however, "technical legal knowledge as such [is] not relevant to the assessment of [defendant's] knowing exercise of the right to defend himself." *Faretta*, 422 U.S. at 836, 95 S.Ct. at 2541. No abuse of the court's discretion occurred in allowing defendant to represent himself.

Error is also asserted in the trial court's refusal to grant a certificate under § 491.-420, RSMo 1978 to compel the attendance of a witness (defendant's mother) from another state, and its refusal to grant a continuance to secure the attendance of this witness. Defendant claimed the Cadillac was being driven by a hitchhiker, while he was driving a second car, a Firebird, he was returning to his mother to pay a debt. His mother was to testify that she came to Cape Girardeau and picked up the Firebird shortly after defendant's arrest. The motion for a certificate was filed while the judge was out of town, and denied because there was insufficient time to use the processes of the act after the judge returned. However, advance payment of mileage to the witness was authorized by the judge, a check was issued by the county treasurer, and sent to the witness by defendant's attorney. No response was received. At trial, defendant's motion to continue the case to allow him to secure the attendance of this witness was denied.

■ Motions for a certificate under § 491.420, RSMo 1978, as well as for a continuance to secure witnesses, are matters consigned to the discretion of the trial court. *State v. Sykes*, 611 S.W.2d 278, 281 [3] (Mo.App.1980); *State v. Churchir*, 658 S.W.2d 35, 37 [1] (Mo.App.1983). To obtain a continuance, there must be a showing the witness's attendance can be procured within the additional time requested, *Churchir*, 658 S.W.2d at 37 [2], and that the testimony sought is material. *State v. Alexander*, 675 S.W.2d 431, 432 (Mo.App.1984). Materiality is also necessary to obtain a certificate under § 491.420, RSMo 1978. *Sykes*, 611 S.W.2d at 280–81 [1].

■ There was no showing the additional time could procure the attendance of the witness. Defense counsel, despite attempts via mail, telephone, and through the local authorities in the city where the witness allegedly lived, had been unable to contact her. Also, no proof, by affidavit or otherwise, was offered concerning the contents of her testimony. Counsel's unsupported statements of materiality are insufficient to require the issuance of a certificate. *State v. Loggins*, 647 S.W.2d 551, 556 [4] (Mo.App.1982). No abuse of the court's discretion occurred.

Defendant, in his final point relied on, [presented by counsel at defendant's request per *State v. Zeitvogel*, 649 S.W.2d 945, 947–48 (Mo.App.1983) ], attacks the refusal of the court to suppress the evidence discovered in the Cadillac, claiming his arrest and the subsequent warrantless search of the car were illegal. He asserts there was no probable cause for the arrest, and even if there were, the warrantless search of the car was without probable cause and not justifiable as an inventory search.

■ Review of the point is limited to an assessment of whether there was substantial evidence to support the trial court's conclusion, giving due deference to the court's determination of witness credibility. *State v. Johns*, 679 S.W.2d 253, 261 [9, 10] (Mo. banc 1984).

The court could reasonably have determined that defendant was arrested upon a warrant from Butler County, which defendant concedes would establish probable cause for the arrest, and upon arrest, defendant demanded that the officer safeguard the Cadillac. Under the circumstances, defendant is not in position to challenge actions he requested the police to take. In any event, impoundment of the car was justified, as the police located defendant through proximity to the car and saw him throw items into it. Therefore, the car was associated with the arrest of defendant, and the impoundment and subsequent inventory search of the car was proper, especially as a number of items were visible in plain view in the car. *State v. Gibeson,* 614 S.W.2d 14, 15 [2, 3] (Mo. App.1981); *cf. State v. Williams,* 654 S.W.2d 238, 242 [14] (Mo.App.1983).

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.