**STATE of Missouri, Respondent,**

v.

**Mark POWER, Appellant.**

**No. 51170.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Holly G. Simons, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions, by a jury, of two counts of robbery in the second degree and one count of burglary in the first degree. He was sentenced by the court as a prior offender to ten years' imprisonment on each count of robbery, and fifteen years' imprisonment on the burglary count. The sentences were to be

served consecutively, for a total of thirty-five years. We affirm.

The sufficiency of the evidence is not challenged. The jury could reasonably have found defendant, acting with another, on April 15, 1985, broke into the home of victims, a seventy-nine year old lady and her fifty-nine year old daughter and robbed each victim of some money. Additionally, it was testified both defendant and his accomplice raped the daughter, who testified at trial through a sign language interpreter due to her deafness. Defendant, however, was acquitted of the rape charge.

The trial began on December 9, 1985, with selection of the jury. On that day, just prior to voir dire, defendant moved to dismiss his counsel. No reason for dissatisfaction was given; counsel stated "[h]e wants to fire me as his attorney and does not want to proceed right now." After a statement by the prosecutor the motion was made to delay the trial, defense counsel stated:

> I do believe he has a right to proceed pro se. I'm not sure I haven't explained that to him. I'm not sure if that's what he wants to do, but I would like to make some kind of record on it at the present time.

The court then clarified the situation, determining the only motion pending at that point was the motion to discharge the attorney, and the court then overruled that motion. No further motions were made at this point.

The jury was chosen, and court was adjourned for the day. The next day, December 10, 1985, the court heard pre-trial evidentiary motions, which continued until December 11, 1985. Following the conclusion of those hearings, and while the jury was being brought into the courtroom, defendant again moved, without giving a reason, to discharge his attorney. The motion was denied. Following a consultation by defendant's appointed attorney with his superior in the public defender's office, defendant again moved to discharge the attorney, and for the first time, moved to represent himself. This motion was denied as un-

timely. Defendant was duly tried and convicted and now appeals.

■ In his sole point relied on, defendant asserts the trial court erred in its refusal to consider defendant's request to represent himself, or to conduct an inquiry into his ability to knowingly and intelligently waive the right to counsel. There is no dispute defendant had the right to represent himself. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Upon a timely and unequivocal demand for self-representation, the court must determine whether defendant is knowingly and intelligently waiving his right to counsel, "aware of the dangers and disadvantages of self-representation." *Faretta*, 422 U.S. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 582.

■ To exercise the right to self-representation, defendant must unequivocally demand to proceed *pro se*. *See State v. Thomas*, 637 S.W.2d 81, 83–84 (Mo.App. 1982). Defendant cites to his motion to dismiss counsel made prior to voir dire as indicative of a desire to represent himself. However, far from being an unequivocal motion to proceed *pro se*, it was really a motion to dismiss counsel. As such, it was not a demand, unequivocal or otherwise, to proceed *pro se*, and therefore the court did not err in failing to proceed as though it were a demand to act *pro se*. *Compare Thomas*, 637 S.W.2d at 83.

■ Defendant also cites his request to dismiss his appointed attorney and proceed *pro se* on December 11, 1985. It is not clear when the jury was actually sworn in this case. However, this motion was made two days after the jury had been impaneled, and just before the trial was to begin. When a request to proceed *pro se* is not made in a timely manner, it is consigned to the court's discretion as to whether or not to allow defendant to exercise his right to self-representation. *State v. Sheppard*, 310 S.E.2d 173, 187 [21] (W.Va.1983); *Williams v. State*, 655 P.2d 273, 277[2] (Wy.1982). Here, the demand, made after jury selection, was clearly untimely, and the court did not err in refusing to enter-

tain it at that point. *E.g. Broadus v. State*, 487 N.E.2d 1298, 1304[12] (Ind.1986); *People v. Hamilton*, 41 Cal.3d 408, 421, 710 P.2d 981, 988, 221 Cal.Rptr. 902, 909[2] (1985). *Compare Blankenship v. State*, 673 S.W.2d 578, 585[10] (Tex.Crim.App.banc 1984).

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.