STATE of Missouri, Respondent,

v.

William Lewis HERRON, Appellant.

No. WD 38857.

Missouri Court of Appeals,
Western District.

July 14, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Melinda K. Pendergraph, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and PRITCHARD and TURNAGE, JJ.

LOWENSTEIN, Presiding Judge.

Appellant William Herron was convicted by a jury of escape from confinement and armed criminal action under § 575.210 and § 571.015, RSMo 1986. He was sentenced as a persistent offender to two consecutive terms of life imprisonment to run consecutively to the sentences he is now serving. Appellant asserts two points on appeal: (1) The court erred in refusing to allow appellant to represent himself and (2) the court erred in refusing to grant his request for a continuance. This court affirms.

Only those facts relevant to the claims of error are set forth. Appellant was charged by information in February, 1986 with escape from confinement and armed criminal action. Trial was set for June, 1986. The case was rescheduled four times and ultimately set for September, 1986. On the morning of trial, appellant appeared with his attorney, the public defender, and asked to represent himself. The court then undertook a detailed factual inquiry to determine appellant's competence to proceed pro se. The court's questioning disclosed that appellant had a high school education, fifteen hours of paralegal training and had represented himself in a civil case. He was aware of his right to counsel, the dangers and disadvantages of self-representation and knew he would be held to the same standards as an attorney. The court found that appellant was entitled to represent himself and had knowingly, voluntarily and intelligently waived his right to counsel. Upon further questioning by the court, appellant then said he now wanted a mental evaluation. The following exchange then occurred:

> THE COURT: Are you telling me that you suspect that you have some mental infirmity which would make you not capable of standing trial or might present a defense of not guilty by reason of mental disease or defect?
>
> APPELLANT: It's quite possible.
>
> THE COURT: In that case, I will not permit you to represent yourself. If I have any suggestion of a lack of mental capacity, I cannot permit you to represent yourself in this matter.

Additional testimony by appellant revealed that he was concerned with his mental status at the time of the crime and was not claiming a present mental defect which would impair his ability to represent himself. Appellant said he wished to represent himself and wanted a continuance so he could investigate the possibility of a mental defect defense. Appellant also wanted a continuance to interview additional witnesses. The court then found:

> Defendant is examined by Court and Counsel. The court does not find defendant has voluntarily waived his right to counsel, but has requested the court to permit him to represent himself in order to obtain a continuance and delay the proceedings. Request is denied. Motion for continuance is denied.

After trial with counsel he was convicted by the jury of armed criminal action and escape from confinement. He brings this appeal.

In *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a defendant has a constitutional right under the Sixth and Fourteenth Amendments to represent himself. Under *Faretta,* a state may not constitutionally hale a person into court and then force an attorney upon him when he insists upon conducting his own defense. *State v. Ehlers,* 685 S.W.2d 942, 945 (Mo.App.1985). The self-representation right, however, is conditional. For example, the defendant must voluntarily, knowingly and intelligently waive his right to counsel. *State v. Watson,* 716 S.W.2d 398, 402 (Mo.App.1986); *State v. Williams,* 716 S.W.2d 452, 453 (Mo.App.1986); *State v. Wells,* 701 S.W.2d 554, 556 (Mo.App. 1986). The request to proceed *pro se* must be unequivocal and timely made. *May v. State,* 718 S.W.2d 495, 497 (Mo. banc 1986); *State v. Power,* 721 S.W.2d 194, 195 (Mo. App.1986). If the request is untimely, then the court in its discretion may refuse to allow the defendant to proceed pro se. *State v. Power,* supra, at 195; *Russell v. State,* 270 Ind. 55, 383 N.E.2d 309, 314 (1978); *People v. Hamilton,* 41 Cal.3d 408, 421, 221 Cal.Rptr. 902, 909, 710 P.2d 981, 988 (1985).

Courts reach different conclusions when considering whether a request is timely. Most courts agree that the right of self-representation must be asserted before trial. *State v. Power, supra,* at 195; *Blankenship v. State,* 673 S.W.2d 578, 585 (Tex.Cr.App.1984); *United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986). The conflict arises over the definition of "before trial". Some courts conclude that the right must be asserted "within a reasonable time prior to the commencement of trial". *Russell v. State, supra,* 383 N.E.2d at 314; *People v. Windham,* 19 Cal.3d 121, 126–30, 137 Cal.Rptr. 8, 11–13, 560 P.2d 1187, 1190–92, (1977), cert. denied 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977). Courts using this approach hold that morning of trial requests are per se untimely. *Hamiel v. State,* 92 Wis.2d 656, 285 N.W.2d 639, 649 (1979); *Russell v. State, supra* 383 N.E.2d at 315. Other courts are more lenient and allow consideration of requests that occur anytime before trial. *Blankenship v. State,* 673 S.W.2d 578, 585 (Tex.Crim.App. 1984); *Chapman v. United States,* 553 F.2d 886, 893 (5th Cir.1977); *United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986); *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982). Morning of but prior to trial requests are timely under this approach. *Blankenship v. State, supra,* at 585; *Fritz v. Spalding, supra* at 784. Under either analysis, a trial court will not grant a *pro se* request if the defendant's purpose is to secure delay or tactical advantage. *Hamiel v. State, supra,* 285 N.E.2d at 649; *Fritz v. Spalding,* supra at 785. The Sixth Amendment, which grants the defendant the right of self-representation, is a "trial-centered" amendment. It is intended to ensure the defendant's right to a full and fair trial and not intended to enable the defendant to avoid or delay the trial for any unjustifiable reason. *Hamiel v. State, supra* 285 N.W.2d at 649.

In this case, the trial court properly denied appellant's request to proceed *pro se,* which was presented the morning of trial. Even if the request is not considered per se untimely, the record supports the trial court's finding purpose of the request was to delay the proceedings. The record reveals that appellant was first charged in February, 1986. In the subsequent six months before trial, appellant never asked to represent himself. Appellant's request came the morning of trial. The trial court asked appellant why he had not asserted his right earlier. Appellant said he didn't have the docket number or case number from Callaway County. The trial court pointed out that appellant could have written the court personally, a practice he had engaged in before. The fact that appellant requested a continuance is also evidence of a purpose to delay. *Fritz v. Spalding, supra* at 784. Appellant, after waiting six months and until the morning of trial to assert his right of self-representation, was not prepared to conduct his own defense. Under these circumstances, the trial court correctly found his purpose was to delay the proceedings. The first point is denied.

■ Because the court properly denied appellant's request to represent himself, it follows that the court was correct in refusing to grant a continuance. There was no need to give appellant extra time to prepare his own defense once the court denied his motion to represent himself. However, assuming appellant's attorney planned to adopt appellant's theory of defense, the trial court still did not err in denying the continuance. The granting of a continuance is within the sound discretion of the trial court. *State v. Nave,* 694 S.W.2d 729, 735 (Mo. banc 1985), cert. denied 475 U.S. 1098, 106 S.Ct. 1500, 89 L.Ed.2d 901 (1986); *State v. Richardson,* 718 S.W.2d 170, 172 (Mo.App.1986). Appellate courts will not interfere with the exercise of that discretion unless it has been abused. *State v. Winston,* 627 S.W.2d 915, 917 (Mo.App.1982). The motion here did not comply with Rule 24.09, which requires an application for a continuance to be in writing and accompanied by an affidavit. Moreover, appellant has not indicated how the trial court abused its discretion in denying the continuance. The second point is denied.

The judgment of the trial court is affirmed.

All concur.