**STATE of Missouri, Plaintiff–Respondent,**

v.

**Carlin GLASS, Defendant–Appellant.**

No. 17121.

Missouri Court of Appeals,
Southern District,
Division One.

July 17, 1991.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Stephen J. Harris, Columbia, for defendant-appellant.

MAUS, Presiding Judge.

A jury found defendant Carlin Glass guilty of the possession of methamphetamine. § 195.020 RSMo 1986 (repealed). He was sentenced to imprisonment for two years. § 195.200.1(1) RSMo 1986 (repealed). His sole argument on appeal is that the trial court erred in overruling his objection to the admission in evidence of a mirror and a methamphetamine test.

The following is a sketch of the evidence sufficient to consider the defendant's argument. At 11:45 p.m., two police officers, engaged in a neighborhood security check, saw the defendant's car backed into a bay in a car wash. Defendant's cousin, Sherry Minton, age 18, was in the driver's bucket seat. The defendant was in the other front bucket seat. His girl friend, Susan Schwent, age 20, was on his lap. None of them were washing the car. There had recently been several burglaries in the area of the car wash. There were two business offices in the immediate vicinity. In order to investigate the situation, the officers stopped their patrol car in front of the defendant's car.

As Officer Wilson approached the car, he saw some beer cans on the dash and a small clear cellophane "baggie" on Sherry's leg. There was an eight pack of little bottles between the seats. When Sherry hesitated in handing that baggie to him, as he had asked, Officer Wilson reached for it. The defendant grabbed the baggie and swallowed it. The officers arrested the defendant for supplying intoxicating liquor to minors, § 311.310, and Sherry and Susan for the illegal possession of intoxicating liquor. § 311.325. The defendant said he wanted his car at the police station.

Officer Wilson placed the defendant in the patrol car and took him to the police station. Officer McCracken got in the defendant's car and Sherry drove to the police station. When Officer McCracken was getting out of the car, he saw a mirror with white powder on it and a razor blade on the floorboard. He seized those items along with the bottles of beer. An analysis disclosed the white powder along the edges of the mirror was methamphetamine.

Defendant first contends the officers illegally seized him when they parked the police car in front of his car so as to block his exit. He argues they had no probable cause to arrest him. The action of the officer is properly characterized as a "*Terry* stop."

"*Terry* recognizes the need for intermediate stops even when there is no probable cause for arrest. *Adams v. Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). *A Terry stop is investigatory; it is not an arrest. United States v. Sharpe,* 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985)." *State v. Fernandez,* 691 S.W.2d 267, 269 (Mo. banc 1985). (Emphasis added.)

"The reasonable suspicion which is needed to justify a *Terry* stop need not rise to the level of probable cause to arrest. It is not necessary that the articulable facts and rational inferences on which the officer acts exclude every possible interpretation other than criminal activity." *State v. Lanear,* 805 S.W.2d 713, 716 (Mo.App.1991).

It is sufficient to restate that at 11:45 p.m. defendant's car was backed into the bay of a car wash in an area where several burglaries had been recently committed. None of the occupants were making a pretext of washing the car. Those circumstances were sufficient for the officers to have a suspicion of criminal activity. *State v. Sandusky,* 761 S.W.2d 710 (Mo.App. 1988).

The defendant also contends the mirror was illegally seized. In his brief the defendant argues "that his car was impounded as a means of protecting his property and less intrusive measures should have been taken, since there was never an intent to inventory the contents of the car." The defendant and Sherry and Susan had been arrested. The defendant wanted his car at the police station. Officer McCracken had a right to ride in the car to see that it and the girls got to the police station. Cf. *State v. Wells,* 701 S.W.2d 554 (Mo. App.1985). The mirror was in plain view. In view of the fact the defendant had swallowed a baggie containing a white powder, the mirror obviously had evidentiary value. It was properly seized. *State v. Hall,* 745 S.W.2d 745 (Mo.App.1987).

The defendant's contentions of error have no merit. The judgment is affirmed.

PREWITT and CROW, JJ., concur.