**STATE of Missouri, Plaintiff–Respondent,**

v.

**Xavier V. ARTIS, Defendant–Appellant.**

**No. 25896.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 22, 2004.

Craig Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for respondent.

JOHN E. PARRISH, Presiding Judge.

Xavier V. Artis (defendant) was convicted, following a jury trial, of assault in the first degree, § 565.050, RSMo 1994, kidnapping, § 565.110, RSMo 1994, forcible sodomy, § 566.060, RSMo Cum.Supp.1999, and forcible rape, § 566.030 RSMo Cum. Supp.1999. Defendant was charged as,

found to be, and sentenced as a persistent offender with respect to each offense. *See* § 558.016, RSMo 1994.

Defendant's Point I contends that he timely and unequivocally requested to waive counsel and represent himself at trial; that the trial court committed error in denying those requests without determining whether his attempt to waive counsel and represent himself was knowingly and intelligently made. Defendant asserts "that the trial court ruled that [defendant's] timely, unequivocal, voluntary, and knowing request for self-representation was untimely, yet his request was first made three days prior to trial and reasserted on the morning of trial before the jury was empaneled [sic], and thus was timely." This court concludes that Point I is determinative of the appeal; that the judgment of conviction must be reversed and the case remanded for new trial.[1] The facts reviewed for purposes of this appeal are, therefore, limited to those relative to whether the trial court erred in its disposition of defendant's request to waive counsel and represent himself at trial.

The trial of defendant's case was scheduled to begin Monday, August 18, 2003. On Friday, August 15, 2003, after the trial court heard and decided various pretrial motions, his trial counsel advised the court, "Judge, at this time [defendant] would orally move to represent himself and act as pro se." The trial judge responded, "That's denied." On the morning of the first day of trial, defendant's trial attorney asked the court to consider additional pretrial motions. One of the matters defendant asserted was the request to represent himself at trial. Defendant's trial attorney announced that "[defendant] would reas-

---

1. Defendant's appeal includes a second point in which he asserts error in denying his request to endorse and call a certain witness. Because Point I is determinative, Point II is moot.

sert his motion to proceed pro se and represent himself as that he thinks he has every right to represent himself." Following a discussion off the record, apparently between respective counsel and the trial judge, defendant's trial attorney told the court:

> [W]ith regard to [defendant's] motion to proceed pro se and represent himself, [defendant] believes firmly that he had the opportunity, uh, based on the comments as each witness presents them to the jury that he would be able to ask specific tailored questions in response to the answers.
>
> He believes he's in the best position to—to do that in his defense. And he thinks he has every right to represent himself, confront witnesses brought against him, um, as a matter of due process, as a matter of fairness.

The trial court permitted the prosecuting attorney to respond. Her response included a suggestion that the motions defendant raised were "all a ruse for delay." Following remarks directed to other motions, the prosecutor returned to the question of defendant's motion to represent himself. She requested that the trial court deny the request.

Defendant's trial attorney replied that "this is not to delay trial. [Defendant] is ready to proceed. Um, just with the provision that he gets to represent himself." At the conclusion of the discussion, the trial judge announced, without further inquiry, that he would deny defendant's request to represent himself; that "[i]t's too late."

■ In *State v. Quinn*, 565 S.W.2d 665 (Mo.App.1978), the Eastern District of this court addressed a claim that the trial court in that case had erred in permitting a defendant to represent himself. *Quinn* explained the constitutional basis for self-representation and what a defendant in a

criminal case must demonstrate in order to exercise that right:

> In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court of the United States was faced with the issue of "whether a defendant in a state criminal trial has a constitutional right to proceed *without* counsel when he voluntarily and intelligently elects to do so." *Faretta*, 95 S.Ct. at 2527 (emphasis in original). While not an "easy question" the Court concluded that a state may not constitutionally force a lawyer upon the defendant. The trial court held that Faretta had no constitutional right to conduct his own defense and required that the defense be conducted only through the appointed attorney. The California court affirmed the conviction. The Supreme Court, however, reversed.
>
> In the course of the opinion the Supreme Court stated:
>
> > "When an accused manages his own defense, he relinquishes, as purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits.... Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, *he should be made aware of the dangers and disadvantages of self-representation,* so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open.' ..." *Faretta*, 95 S.Ct. at 2541 (emphasis added).
>
> Since the record indicated that Faretta was literate, competent and understanding and that he was voluntarily

exercising his right, the Court reversed the judgment forcing Faretta to have appointed counsel.

*Id.* at 675 (footnotes omitted).

The Eastern District concluded in *Quinn* that the trial court did not err in permitting the defendant in that case to represent himself. *Quinn* pointed out that the trial court had interrogated the defendant at the beginning of the trial; that the defendant had indicated a desire to represent himself; that he had been informed of the intricacies of trying the case himself. The trial court in *Quinn* made the defendant "aware of the dangers and disadvantages of self-representation." *Id.* at 676. The Eastern District formulated a procedure it recommended trial courts follow when a defendant or his counsel in a criminal case informs the court the defendant desires to represent himself. It appears as an appendix to the *Quinn* opinion. *See* 565 S.W.2d at 676–77.

This court addressed a similar claim to that in *Quinn* in *State v. Bilyeu,* 867 S.W.2d 646 (Mo.App.1993), where a defendant in a criminal case who had been permitted to represent himself asserted on appeal that the trial court's admonition of the dangers of self-representation had been inadequate. The defendant in *Bilyeu* contended the trial court had not adhered with particularity to the procedure prescribed in the appendix to *Quinn.* The conviction in *Bilyeu* was affirmed, this court noting:

> There is no specific litany prescribed for apprising a pro se defendant of the difficulty and the dangers that are inherent to self-representation. *State v. Wilson,* 816 S.W.2d [301] at 307 [ (Mo.App.1991) ]. What is required is for a defendant to be apprised of the difficulties of self-representation in terms that are sufficient to enable him or her to choose a course to follow. *Id.*

A trial court faced with the prospects of a pro se litigant, particularly a defendant in a criminal case who will be tried before a jury, has a difficult task. The respective rights of the parties must be carefully weighed and enforced. The state has a right to proceed to trial in a timely manner, as does the defendant. The defendant is entitled to a fair trial.

*Id.* at 651 (footnote omitted).

In this case, the trial court concluded that defendant's request to proceed to trial pro se was not timely made observing, "It's too late." The trial court correctly recognized that the right of self-representation is conditional.

> For example, the defendant must voluntarily, knowingly and intelligently waive his right to counsel. *State v. Watson,* 716 S.W.2d 398, 402 (Mo.App.1986); *State v. Williams,* 716 S.W.2d 452, 453 (Mo.App.1986); *State v. Wells,* 701 S.W.2d 554, 556 (Mo.App.1986). The request to proceed *pro se* must be unequivocal and timely made. *May v. State,* 718 S.W.2d 495, 497 (Mo.banc 1986); *State v. Power,* 721 S.W.2d 194, 195 (Mo.App.1986). If a request is untimely, then the court in its discretion may refuse to allow the defendant to proceed pro se. *State v. Power, supra,* at 195; *Russell v. State,* 270 Ind. 55, 383 N.E.2d 309, 314 (1978); *People v. Hamilton,* 41 Cal.3d 408, 421, 221 Cal.Rptr. 902, 909, 710 P.2d 981, 988 (1985).

*State v. Herron,* 736 S.W.2d 447, 449 (Mo. App.1987). Defendant, however, contends the trial court erred in holding that his request to proceed pro se was not timely.

Defendant's trial was set to begin Monday, August 18, 2003. On Friday, August 15, he requested to represent himself in the trial, to proceed pro se. Defendant again requested to represent himself and proceed pro se Monday morning, August

18, prior to commencement of voir dire. In response to the prosecuting attorney's objection that the request was an attempt to delay the trial, the trial court was advised that defendant did not seek to delay the trial; that he was prepared to go forward with it.

Courts reach different conclusions when considering whether a request is timely. Most courts agree that the right of self-representation must be asserted before trial. *State v. Power, supra,* at 195; *Blankenship v. State,* 673 S.W.2d 578, 585 (Tex.Cr.App.1984); *United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986). The conflict arises over the definition of "before trial." Some courts conclude that the right must be asserted "within a reasonable time prior to the commencement of trial." *Russell v. State, supra,* 383 N.E.2d at 314; *People v. Windham,* 19 Cal.3d 121, 126–30, 137 Cal.Rptr. 8, 11–13, 560 P.2d 1187, 1190–92, (1977), cert. denied 434 U.S. 848, 98 S.Ct. 157, 54 L.Ed.2d 116 (1977). Courts using this approach hold that morning of trial requests are per se untimely. *Hamiel v. State,* 92 Wis.2d 656, 285 N.W.2d 639, 649 (1979); *Russell v. State, supra[,]* 383 N.E.2d at 315. Other courts are more lenient and allow consideration of requests that occur anytime before trial. *Blankenship v. State,* 673 S.W.2d 578, 585 (Tex.Crim. App.1984); *Chapman v. United States,* 553 F.2d 886, 893 (5th Cir.1977); *United States v. Smith,* 780 F.2d 810, 811 (9th Cir.1986); *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982). Morning of but prior to trial requests are timely under this approach. *Blankenship v. State, supra,* at 585; *Fritz v. Spalding, supra* [,] at 784. Under either analysis, a trial court will not grant a *pro se* request if the defendant's purpose is to secure delay or tactical advantage. *Hamiel v. State, supra,* 285 N.W.2d at 649; *Fritz v. Spalding, supra* [,] at 785. The Sixth Amendment, which grants the defendant the right of self-representation, is a "trial-centered" amendment. It is intended to ensure the defendant's right to a full and fair trial and not intended to enable the defendant to avoid or delay the trial for any unjustifiable reason. *Hamiel v. State, supra[,]* 285 N.W.2d at 649.

*Id.*

Defendant's expressed readiness to go to trial without requesting a continuance dispels the claim that the request was made for purpose of delay. Thus, under either test for timeliness, i.e., (1) prior to the morning of trial or (2) the morning of trial, but prior to when trial commenced, defendant's request to proceed pro se was timely. The record does not support the trial court's finding that defendant's request to represent himself and proceed pro se was not timely made. That determination was prejudicial error that mandates reversal of the judgment of conviction and remand for new trial.

■ In view of the finding of untimeliness, the trial court did not inquire of defendant regarding his awareness of the dangers of self-representation; about defendant's intellectual capacity to make an intelligent decision. Neither was defendant advised that if he proceeded pro se, he could not thereafter claim inadequacy of representation. *See Quinn,* 565 S.W.2d at 676–77. Upon remand the trial court should be mindful of these requirements.

The judgment is reversed. The case is remanded for new trial.

BATES, C.J., and BARNEY, J., concur.