Lewis Donald **FRITZ**, Appellant,

v.

James **SPALDING**, Appellee.

No. 80–3413.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 1982.

Decided July 27, 1982.

David B. Bukey, Seattle, Wash., for appellant.

David R. Minikel, Asst. Atty. Gen., Olympia, Wash., for appellee.

Before KENNEDY, FARRIS and NORRIS, Circuit Judges.

NORRIS, Circuit Judge:

On the morning of his state court trial, petitioner Fritz made a motion to defend pro se. The trial court denied the motion and the Washington Court of Appeals affirmed on the previously unconsidered ground that the motion was a tactic to delay the start of trial. The United States District Court denied Fritz's petition for a writ of habeas corpus on the ground that his motion to defend pro se was untimely. We reverse and remand for an evidentiary hearing.

I

In April 1975, Fritz was charged by the state of Washington with armed robbery. He jumped bail, but was rearrested in Florida and extradited to Washington in October 1976. He was scheduled to stand trial in December 1976.

Four days before the scheduled trial, Fritz's attorney moved to withdraw as counsel, explaining that he and Fritz could not agree on a defense strategy. The trial court granted the motion and appointed a public defender (Olson). Trial was rescheduled for February 2, 1977.

Thirty days before the February trial, Fritz moved to represent himself, asserting that Olson had not begun to prepare a defense. Olson and Fritz then met, and Fritz withdrew the motion.

On the morning of the afternoon trial, Olson moved to withdraw as counsel and to allow Fritz to represent himself. Olson stated that he and Fritz had "a very honest open disagreement and fundamental difference" about the defense, and that both had previously believed their differences had been resolved. Olson and Fritz explained that Fritz wanted to defend on the ground of temporary insanity, while Olson intended to show that Fritz lacked the requisite intent to rob.

Olson moved alternatively for a 2–3 day continuance to locate a witness necessary to the "intent" defense. The state opposed

the continuance on the ground that it was having difficulty keeping track of its witnesses and that Fritz had already delayed trial by jumping bail and fighting extradition. After a hearing, the presiding judge denied both motions.

That afternoon, before the trial judge, Olson renewed his motion to withdraw. After further hearing, the trial judge denied the motion on the ground "that the defendant is not capable of knowingly, understandingly, and intelligently waiving counsel in the cause herein, nor is he competent to act as his own counsel."

Fritz was convicted and sentenced to life imprisonment. On appeal, the Washington Court of Appeals held that Fritz was competent to defend himself, but affirmed the denial of his motion on the previously unconsidered ground that it was a tactic "to delay his scheduled trial and obstruct the orderly course of the administration of justice." *State v. Fritz,* 21 Wash.App. 354, 365, 585 P.2d 173, 180 (1978). The Washington Supreme Court denied review.

Fritz then petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, and moved for an evidentiary hearing. After review of the state court record, a federal magistrate concluded that an evidentiary hearing was unnecessary, and that Fritz's motion for self-representation on the morning of trial was untimely because it would have resulted in delay. The district court adopted the magistrate's report and denied habeas relief.

## II

### A

■ The constitutional right of self-representation, recognized in *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), must be timely asserted. *United States v. Kizer,* 569 F.2d 504, 507 (9th Cir.), *cert. denied,* 435 U.S. 976, 98 S.Ct. 1626, 56 L.Ed.2d 71 (1978). "A defendant must [however] have a last clear chance to assert his constitutional right ... before meaningful trial proceedings have commenced." *United States v. Chapman,* 553

F.2d 886, 895 (5th Cir. 1977). Thus, a motion to proceed pro se is timely if made before the jury is empaneled, unless it is shown to be a tactic to secure delay. *Maxwell v. Sumner,* 673 F.2d 1031, 1036 (9th Cir. 1982); *Chapman,* 553 F.2d at 893–95.

■ Fritz asserted his *Faretta* right on the morning of an afternoon trial, before any trial proceedings had begun. It was therefore timely as a matter of law, unless it was made for the purpose of delay.

### B

The district court made no finding of *purpose* to delay. Rather, in ruling that Fritz's motion was untimely, the court relied solely on the *effect* of delay. The court reasoned that Fritz would have needed a continuance to prepare his insanity defense, and that the resulting delay, in the wake of prior delays, would have prejudiced the state.

■ Delay per se is not a sufficient ground for denying a defendant's constitutional right of self-representation. Any motion to proceed pro se that is made on the morning of trial is likely to cause delay; a defendant may nonetheless have bona fide reasons for not asserting his right until that time, *see Chapman,* 553 F.2d at 888–89, and he may not be deprived of that right absent an affirmative showing of *purpose* to secure delay.

■ In determining whether a defendant's request to defend himself is a tactic to secure delay, the court may, of course, consider the effect of delay. A showing that a continuance would be required and that the resulting delay would prejudice the prosecution may be evidence of a defendant's dilatory intent. In this case, for example, where Fritz's pre-trial conduct had already caused substantial delay, a showing that his motion included a request for a continuance would be strong evidence of a purpose to delay. The inquiry, however, does not stop there. The court must also examine the events preceding the motion, to determine whether they are consistent with a good faith assertion of the *Faretta* right and

whether the defendant could reasonably be expected to have made the motion at an earlier time.

 Because the district court's inquiry was too narrow, and was based on an apparent misapprehension of the timeliness rule, we remand for a determination of whether Fritz's motion was a tactic to delay the start of trial.

### III

The district court also denied Fritz's motion for an evidentiary hearing, on the ground that the state-court record amply supports a finding of untimeliness. Because the district court applied an incorrect legal standard of timeliness, it did not determine whether the state-court record supports a finding of purpose to delay. After review of the state-court record, we conclude that Fritz is entitled to an evidentiary hearing on that issue.

In *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963), the Supreme Court held that a habeas petitioner has a right to an evidentiary hearing in federal court, if, *inter alia*, "the material facts were not adequately developed at the state-court hearing."[1] Reasoning that the opportunity for federal redress of an alleged constitutional violation "presupposes the opportunity to be heard [and] to argue and present evidence," *id.* at 312, 83 S.Ct. at 756, the Court concluded that "in every case in which the state court has not after a full hearing reliably found the relevant facts," the federal habeas court has a duty to try the facts anew. *Id.* at 318, 83 S.Ct. at 759.

 The state appellate court, relying on evidence in the trial court record, made a finding of purpose to secure delay. 21

Wash.App. at 365, 585 P.2d at 180. We recognize that findings by state appellate courts, as well as state trial courts, are entitled to deference in a federal habeas proceeding. *See Sumner v. Mata*, 449 U.S. 539, 545–48, 101 S.Ct. 764, 767–69, 66 L.Ed.2d 722 (1980). If, however, the material facts were not adequately developed in state court, or the state-court hearing was otherwise deficient, no deference is warranted, 28 U.S.C. §§ 2254(d)(3) & 2254(d)(6), and the petitioner is entitled to an evidentiary hearing in federal court. *Townsend*, 372 U.S. at 317–18, 83 S.Ct. at 759–60.

Both the state presiding judge and the state trial judge held hearings on Fritz's motion to defend himself. Neither judge made an express inquiry into Fritz's purpose, however, focusing instead on the nature of the *Faretta* right and on Fritz's ability to waive knowingly his right to counsel. To be sure, much of the evidence adduced at the hearings is pertinent to Fritz's motivation. The evidence is incomplete, however, and material facts—such as when it became clear that Fritz and Olson had irreconcilable differences, and whether Fritz had a bona fide reason for not asserting his *Faretta* right before the morning of trial—were never developed.

Moreover, the evidence that was adduced is ambiguous on the question of Fritz's purpose. In concluding that Fritz's motion was a delaying tactic, the Washington Court of Appeals focused on Fritz's past behavior—the facts that he jumped bail and then fought extradition, and that he dismissed his first counsel, thus obtaining a continuance from the original trial date—as well as the prejudice that further delay would have

---

1. The *Townsend* court identified six circumstances in which a federal habeas petitioner has a right to an evidentiary hearing:

(1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not supported by the record as a whole; (3) the fact-finding procedure employed by the state was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not ade-

quately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

372 U.S. at 313, 83 S.Ct. at 757. Most of the *Townsend* criteria were codified in 28 U.S.C. § 2254(d), which establishes a presumption, subject to enumerated exceptions, that state court findings are correct. *Brewer v. Williams*, 430 U.S. 387, 395–96, 97 S.Ct. 1232, 1237–38, 51 L.Ed.2d 424 (1977).

caused the prosecution. While those facts may support an inference of dilatory intent, other facts support an inference of good faith. Olson testified that the conflict over defense strategy was genuine and that he had been unsuccessful in locating a witness who was essential to his proposed "intent" defense. It is entirely possible that Olson's failure to locate a key witness heightened Fritz's dissatisfaction with Olson's proposed defense and precipitated Fritz's last-minute motion to defend himself. It is also possible that, until the morning of trial, Fritz believed Olson would present an insanity defense. The record, however, sheds no light on these questions.

■ We do not hold that findings of fact made by an appellate court after an evidentiary hearing in trial court can never satisfy the *Townsend* criteria. We hold only that the facts material to Fritz's constitutional claim were not adequately developed in state court and that Fritz is thus entitled to an evidentiary hearing in federal district court to determine whether his motion to proceed pro se was made as a tactic to delay the start of trial.

The order of the district court is VACAT-ED and the cause REMANDED for an evidentiary hearing.