5 F.3d 535
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James Edward CRAWFORD, Petitioner-Appellee,
v.
John RATELLE, Warden, Respondent-Appellant.
 No. 92-55702.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prison warden John Ratelle appeals from the district court's judgment granting James Edward Crawford's pro se 28 U.S.C. Sec. 2254 habeas petition challenging his convictions on the ground that the state trial court violated his right to self-representation. We have jurisdiction under 28 U.S.C. Sec. 2253, and we affirm.
 
 
 3
 We review de novo the district court's decision to grant the habeas petition. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We review for clear error the district court's findings that the defendant's motion to proceed pro se was timely and that the state court's determination was not fairly supported by the record. Maxwell v. Sumner, 673 F.2d 1031, 1035-36 (9th Cir.), cert. denied, 459 U.S. 976 (1982).
 
 
 4
 A defendant in a state court criminal proceeding has the right under the Sixth and Fourteenth Amendments to represent himself. Faretta v. California, 422 U.S. 806, 807 (1975); Jackson v. Ylst, 921 F.2d 882, 888 (9th Cir.1990). Absent an affirmative showing that the motion to proceed pro se is a tactic to secure delay, the motion is timely if made before the jury is empaneled. United States v. Schaff, 948 F.2d 501, 503 (9th Cir.1991); Armant v. Marquez, 772 F.2d 552, 555 (9th Cir.1985), cert. denied, 475 U.S. 1099 (1986); Fritz v. Spalding, 682 F.2d 782, 784 (9th Cir.1982). In a habeas corpus proceeding, a state trial court's factual findings are entitled to a presumption of correctness, 28 U.S.C. Sec. 2254(d), unless the material facts are not adequately developed or the state court's "determination is not fairly supported by the record," 28 U.S.C. Sec. 2254(d)(3) and (8).
 
 
 5
 Here, after Crawford's counsel unsuccessfully argued a motion to sever and a motion to strike a prior conviction, Crawford made an unequivocal request to proceed pro se in a state court criminal proceeding.[1] The request was made prior to jury empanelment and was not conditioned upon the granting of a continuance. The trial court, however, denied the motion as untimely because it was made on the morning of trial. Both the trial court and the state appellate court, in upholding the decision, made no finding as to whether the motion was a tactic to delay trial. On petition for habeas, the district court ordered the magistrate judge to hold an evidentiary hearing on the issue of whether Crawford made the Faretta motion for the purpose of delay. The district court adopted the magistrate's findings and held that the record was barren of any evidence that Crawford's Faretta motion was made for the purpose of delay, thereby warranting the grant of the habeas petition.
 
 
 6
 Because Crawford's decision to proceed pro se was based upon his dissatisfaction in his counsel's argument on two motions made on the morning of trial, he could not reasonably be expected to have made the Faretta motion at an earlier time. See Fritz, 682 F.2d at 785 (whether the Faretta request could have been made at an earlier time is to be considered in determining whether the defendant had the purpose of causing delay). In addition, Crawford's Faretta motion did not include a request for a continuance. Cf. Fritz, 682 F.2d at 784 (noting that a request for a continuance in conjunction with the Faretta motion would be strong evidence of a purpose to delay); Maxwell, 673 F.2d at 1035 (in accord). Finally, we have repeatedly held that the mere fact that the Faretta motion was made on the morning of trial does not require that it be denied as untimely. See, e.g., Fritz, 682 F.2d at 784 ("Any motion to proceed pro se that is made on the morning of trial is likely to cause delay; a defendant may nonetheless have bona fide reasons for not asserting his right until that time,...."). Accordingly, we agree with the district court's factual finding that there is no basis in the record for the state court to have found that the Faretta motion was untimely. Because Crawford's request to represent himself was made before the jury was empaneled and because the record makes no affirmative showing of a tactic to secure delay, the district court properly granted the petition. See id.; Schaff, 948 F.2d at 503; Armant, 772 F.2d at 555.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The following exchange took place:
 MS. FALICK [Crawford's counsel to the court]: Mr. Crawford has just informed me that he was unhappy that the motions that I ran were denied by this court. So he thinks he can do a better job than I can and he want to go pro per.
 [THE COURT to defendant]: Is that what you want to do, sir, you want to go pro per?
 [Crawford]: Yes.
 THE COURT: You want to represent yourself without any lawyer at all?
 [CRAWFORD]: Yes.
 THE COURT: Today is the date set for trial. Court will find that motion not being timely, the motion will be denied.
 
 
 [2]
 We reject appellant Ratelle's argument that the issue of whether a Faretta request is timely is not cognizable in federal habeas corpus proceedings. To the extent that Ratelle requests us to reconsider our cases providing for habeas review of a state court's determination concerning the timeliness of a Faretta motion, see e.g., Jackson, 921 F.2d at 888-89; Armant, 772 F.2d at 555-56; Maxwell, 673 F.2d at 1035-36, we note that a panel not sitting en banc may not overturn Ninth Circuit precedent. See Nichols v. McCormick, 929 F.2d 507, 510 n. 5 (9th Cir.1991), cert. denied, 112 S.Ct. 1226 (1992)