**Charles Edward MOORE, Jr., Petitioner–Appellee/Cross–Appellant,**

v.

**Arthur CALDERON, Warden, Respondent–Appellant/Cross–Appellee.**

**Nos. 95–99009, 95–99013.**

United States Court of Appeals, Ninth Circuit.

May 26, 1995.

---

Peggy S. Ruffra, Deputy Atty. Gen., San Francisco, CA, for respondent-appellant.

Brian Pass, Irell & Manella, Los Angeles, and Marianne D. Bachers, San Francisco, CA for petitioner-appellee.

Before: FERGUSON, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

■■■■ Respondent–Appellant's motion for stay pending appeal is DENIED.[1]

This case is expedited, and a briefing schedule will be issued shortly.

Judge O'SCANNLAIN would grant the motion for stay.

O'SCANNLAIN, Circuit Judge, dissenting:

I respectfully disagree that we should order the release pending appeal of a double murderer who was sentenced to death by a jury of his peers and whose conviction was affirmed in a lengthy decision by the California Supreme Court.

I have no doubt that Moore's habeas corpus petition raises substantial constitutional questions, as identified in the district court's opinion. Nor can I condone the state's failure to file this motion for stay until almost the last minute before Moore's scheduled release date. Nonetheless, I believe that principles of comity and federalism require us to afford the state the opportunity for full appellate consideration of the district court's decision. Thus, instead of rushing to judgment, the appropriate course would be to permit full briefing and oral argument on the merits before taking further action. I am convinced that we can expedite the process sufficiently to minimize any prejudice to Moore while still providing the state the careful appellate review properly due it.

However, the majority has determined that a stay is inappropriate because the state has not made a sufficiently strong showing that it is likely to succeed on the merits pursuant to *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 2119, 95 L.Ed.2d 724 (1987). Although it is very possible that Moore's reliance on *Fritz v. Spalding,* 682 F.2d 782 (9th Cir.1982), is well-placed, I am

---

1. In light of the dissent, we add only this to our denial of the stay: *Hilton v. Braunskill* states that even when the public's and the state's interests weigh against release the state nonetheless must "demonstrate a substantial case on the merits." 481 U.S. 770, 778, 107 S.Ct. 2113, 2120, 95 L.Ed.2d 724 (1987). Given our law on the issue of a defendant's right to represent himself pro se, we cannot say that the state is able to meet that burden. *See, e.g., Maxwell v. Sumner,* 673 F.2d 1031, 1036 (9th Cir.), *cert. denied,* 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982); *Fritz v. Spalding,* 682 F.2d 782, 784–85 (9th Cir.1982); *Savage v. Estelle,* 924 F.2d 1459, 1463 n. 7 (9th Cir.1990), *cert. denied,* 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1991). Of course, we *must* make the decision at this time, not after we have had full briefing and decided the case on the merits.

not willing effectively to decide that California violated Moore's constitutional rights based on only the most cursory review in this court, without the benefit of appropriate briefing, let alone oral argument. The California courts which examined and upheld Moore's conviction are entitled to a more considered treatment. Indeed, the fact that the district court proceedings consumed almost three-and-one-half years indicates that the issues are deserving of careful analysis by this court.

In addition, by focusing solely on the state's likelihood of success on the merits, the majority ignores the other factors that the *Hilton* Court deemed worthy of consideration in deciding a motion for a stay. For instance, the Court explicitly stated that a court may take into account the "possibility of flight" and "the risk that the prisoner will pose a danger to the public if released." *Id.* at 777, 107 S.Ct. at 2119. Further, we may consider the state's interest in continuing custody over the defendant. That interest "will be strongest where the remaining portion of the sentence to be served is long." *Id.* Here, these factors weigh strongly in favor of granting the stay.

Moore has been convicted of two cold-blooded murders. A jury determined that Moore and two cohorts bound and gagged Mr. and Mrs. Robert Crumb of Long Beach, California, robbed them, and then brutally beat and stabbed them to death. Moore has also been identified as the murderer of a Woolworth's store manager during another robbery in Kansas. Moore was accused of abducting the manager at gunpoint, and, after ignoring the manager's pleas for his life, shooting him to death. That Moore poses a danger to the public is without question.

Further, Moore is under a death sentence. Consequently, he poses a substantial risk of flight as he has nothing to lose and everything to gain by fleeing. Releasing Moore under such circumstances is likely to have disastrous consequences. Finally, because Moore's sentence is so severe, the state has a substantial interest in continuing to confine him.

I recognize that a district court's finding of a constitutional violation is not a matter to be taken lightly. However, the Supreme Court has set forth common-sense considerations to

guide a federal court in determining whether or not to order release of a state prisoner before it can give full consideration to the merits. Such considerations are compelling here and require grant of the state's motion for stay pending appeal.