950 P.2d 1176

**STATE of Arizona, Appellee,**

v.

**Kevin Dean THOMPSON, Appellant.**

**No. 1 CA–CR 96–0788.**

Court of Appeals of Arizona, Division 1, Department A.

July 31, 1997.

Review Denied Feb. 18, 1998.*

---

* McGregor, J., did not participate in the determination of this matter.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, J. Randall Jue, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Terry J. Adams, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

EHRLICH, Judge.

Kevin Dean Thompson ("defendant") appeals from his conviction and sentence for the sale of narcotic drugs. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

An undercover police officer purchased $20 of crack cocaine from the defendant at a Phoenix apartment complex. The officer testified that the defendant was identifiable because, among other reasons, the officer had never seen a white male selling drugs in that area. Approximately two weeks later, the officer saw the defendant at the same location and directed other officers to arrest him.

The defendant was charged with sale of narcotic drugs, a class 2 felony. The state alleged a prior felony conviction. The jury found the defendant guilty as charged and he admitted the conviction. The trial court then sentenced the defendant to an enhanced presumptive term of 9.25 years imprisonment. He appealed, raising these issues:

1. Whether the trial court erred in denying his motion for self-representation;

2. Whether the trial court erred in determining that he failed to establish a prima facie case of racial discrimination in the prosecutor's exercise of a peremptory strike of a prospective juror; and

3. Whether the trial court erred in precluding the testimony of a defense witness on the ground of untimely disclosure.

## DISCUSSION

### I. Motion for Self-representation

■ Before the jury was empaneled, in an off-the-record discussion, defense counsel informed the trial court that the defendant wished to represent himself. This motion for self-representation was denied and, after the jury was sworn and excused, the court, now on the record, discussed the issue with the defendant and his counsel. It reiterated its evident denial of the motion by stating:

The reason I am doing it is because it was first raised as the jury was coming up here on the elevator, and that, in my mind, is untimely, and it's another way to try and delay this case, and that's the reason I am denying it.

The defendant contends that this ruling was reversible error. We find no error.

In State v. De Nistor, 143 Ariz. 407, 412–13, 694 P.2d 237, 242–43 (1985), the supreme court considered the timeliness of a motion for self-representation. It held that a "motion to proceed without counsel is timely if it is made before the jury is empaneled." Id.

at 412, 694 P.2d at 242;[1] *see State v. Cornell,* 179 Ariz. 314, 326, 878 P.2d 1352, 1364 (1994) ("(I)t is uniformly held that all motions for (pro per status) made after jury selection has begun are untimely....").

■ In this case, the motion for self-representation was made before the jury was empaneled. Nonetheless, the fact that a motion is timely does not compel the result that it should be granted. In *De Nistor,* the court stated that, "[i]f the request is untimely, then whether defendant will be given the opportunity to waive counsel is within the discretion of the trial court." 143 Ariz. at 413, 694 P.2d at 243; *see Cornell,* 179 Ariz. at 326, 878 P.2d at 1364. There is no implication in this statement, however, that a timely motion does not also call for the exercise of the trial court's discretion.

This reasoning finds support in *Fritz v. Spalding,* 682 F.2d 782, 784 (9th Cir.1982), on which the court relied in *De Nistor.* In *Fritz,* the court stated that "a motion to proceed pro se is timely if made before the jury is empaneled, unless it is shown to be a tactic to secure delay." *Id.*

■ The trial court in this case determined that the defendant's motion for self-representation was made for the purpose of delay. The record supports this finding. The defendant failed to appear at a previous trial date and he was arrested on a bench warrant after being at-large for approximately one month. When the case was called, the defendant offered no reason to explain why his motion could not have been made sooner. He stated only that he had deferred to his attorney's preparation of his case but that he had ultimately concluded that counsel "did not have enough time to do mine like I would do it myself. That's all." His counsel stated that "the first time he's brought this [motion] to my attention was shortly before jury selection." More importantly, although the defendant initially declared that "I am ready.... I am trying to go right now," he subsequently qualified that assertion by saying that he was unsure that he was prepared to give an opening statement. He then added, "But I know that with a little bit of time, I could put together a better defense for myself." When a motion for self-representation made on the day of trial is coupled with a request for a continuance, it is not an abuse of discretion to deny the motion. *E.g., Williams v. State,* 655 P.2d 273, 276–77 (Wyo.1982); *State v. Parker,* 890 S.W.2d 312, 316–17 (Mo.App. 1994); *State v. Fritz,* 21 Wash.App. 354, 585 P.2d 173, 180 (1978).

## II. Batson Violation

The defendant asserts that the state exercised a peremptory challenge on the basis of race against a black prospective juror. The trial court found that the defendant had failed to establish a prima facie case of purposeful discrimination as required by *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We find no error.

■ Although the challenged venireman's status as a member of a cognizable racial group satisfied one element of a prima facie case, *State v. Hernandez,* 170 Ariz. 301, 304, 823 P.2d 1309, 1312 (App.1991), the defendant was still obligated to show "facts and other relevant circumstances sufficient to raise an inference that the prosecutor used a peremptory strike to exclude a juror solely on account of race." *State v. Jordan,* 171 Ariz. 62, 66, 828 P.2d 786, 790 (App.1992). The defendant failed to carry this burden. In fact, another black venireman went unchallenged by the state and served on the jury. The presence of minority group members on the jury undermines an inference that the state exercised its strikes in a racially-discriminatory fashion. *Id.; State v. Johnson,* 183 Ariz. 623, 633, 905 P.2d 1002, 1012 (App.1995), *aff'd in other part,* 186 Ariz. 329, 922 P.2d 294 (1996).

## III. Preclusion of Defense Witness

■ The defendant argues that the trial court erred in preventing him from calling

---

1. A majority of courts considering the issue has held that a motion for self-representation made on the day of trial is not timely. *E.g., State v. Sheppard,* 172 W.Va. 656, 310 S.E.2d 173, 189 (1983); *see* John S. Herbrand, ANNO., ACCUSED'S RIGHT TO REPRESENT HIMSELF IN STATE CRIMINAL PROCEEDING—MODERN STATE CASES, 98 A.L.R.3d 13, 22 (1980).

Gerald Hudson as a witness. We do not agree.

The defense did not disclose Hudson as a possible witness until the first day of trial. Counsel advised the court that the defendant "just gave me [Hudson's] name and location today," an assertion not disputed by the defendant. According to counsel, Hudson would testify that other white men sold drugs in the neighborhood where the charged sale occurred. The following day, the court precluded Hudson's testimony in part on the basis of untimely disclosure. It stated that "the disclosure of the witness was extraordinarily late. It occurred yesterday. And there have been no reasons given to me why disclosure could not have been more timely."

The trial court did not abuse its discretion in barring Hudson's testimony. Not only was the state surprised by the divulgence of this witness, *see State v. Smith*, 140 Ariz. 355, 359, 681 P.2d 1374, 1378 (1984), but his tardy disclosure was attributable solely to the defendant, who offered no excuse. This establishes an "unexplained failure to do what the rules require," which supports the sanction of preclusion. *State v. Killean*, 185 Ariz. 270, 271, 915 P.2d 1225, 1226 (1996).[2]

## CONCLUSION

The defendant's conviction and sentence are affirmed.

SULT and THOMPSON, JJ., concur.

---

2. Because the trial court had discretion to exclude Hudson's testimony as a sanction for a discovery violation, we do not address its alternative determination that preclusion was proper because Hudson indicated an intention to invoke the Fifth Amendment in response to questions by the state regarding drug sales.