139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Norman Paul FELTS, Petitioner-Appellant,
v.
James H. GOMEZ, Director, Department of Corrections, State
of California; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55928.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1997.
Feb. 13, 1998.
 
 Appeal from the United States District Court for the Central District of California Dickran M. Tevrizian, District Judge.
 Before HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner filed a petition for writ of habeas corpus requesting reversal of his conviction for violating various California statutes by engaging in lewd acts with minors. The district court had jurisdiction pursuant to 28 U.S.C. § 2254 and we have jurisdiction over this appeal pursuant to 28 U.S.C. § 2253. We reverse the decision of the district court and remand to the district court to grant petitioner's writ of habeas corpus unless he is granted a new trial within a reasonable time.
 
 
 3
 We conclude that Felts' request to represent himself was unequivocal. See Armant v. Marquez, 772 F.2d 552, 556 n. 1 (9th Cir.1985). It was made twelve days before the prospective panel of jurors was sworn in. Under this court's "jury empanelment" rule, his request was timely. See Moore v. Calderon, 108 F.3d 261, 264 (9th Cir.1997). The state argues that Felts' request was made to delay the trial and was therefore appropriately denied. The fact that Felts may have needed a continuance, despite his statement that he was not requesting one, is not per se sufficient to indicate it was requested to secure delay. Fritz v. Spalding, 682 F.2d 782, 784 (9th Cir.1982).
 
 
 4
 For these reasons, we REVERSE the district court and REMAND with direction to issue the writ unless Felts is granted a new trial within a reasonable time.
 
 
 5
 WALLACE, Circuit Judge, dissenting.
 
 
 6
 I respectfully dissent.
 
 
 7
 Under Fritz v. Spalding, 682 F.2d 782, 784 (9th Cir.1982) (Fritz ), the district court is to determine "whether a defendant's request to defend himself is a tactic to secure delay." In making this determination, the district court may consider the effect of delay; it "must also examine the events preceding the motion, to determine whether they are consistent with a good faith assertion of the Faretta right and whether the defendant could reasonably be expected to have made the motion at an earlier time." Id. at 784-85.
 
 
 8
 This appeal concerns our review of a district court finding of fact that "[i]t is apparent from the record that petitioner's last minute request to represent himself was nothing more than a stalling tactic motivated by petitioner's desire to manipulate and frustrate the judicial system." We review this factual finding for clear error. Falcone v. Stewart, 120 F.3d 1082, 1084 (9th Cir.1987). We owe this deference "even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence or inferences from other facts." Anderson v. City of Bessemer City, 470 U.S. 564, 574, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).
 
 
 9
 Although the district court could have provided more detail in its finding, I cannot say that this finding was clearly erroneous. The district court was concerned about the effect of delay, which is a permissible factor for consideration in determining the purpose of the request. Fritz, 682 F.2d at 784. In addition, the record indicates that Felts had earlier asserted that the attorney-client relationship had broken down because appointed counsel did not have enough time to prepare for the trial. Felts then brought a Marsden motion to have new counsel substituted for these attorneys. When that motion was denied, Felts then sought to represent himself. In fact, he admitted that the denial of his Marsden motion was the reason he moved to proceed pro se. The district court could reasonably have inferred that Felts, if granted pro se status, would move for a continuance, which the trial court would have had to grant, thus causing delay. This is the same determination made by the state trial judge.
 
 
 10
 Accordingly, I would deny the writ.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3