FILED

NOT FOR PUBLICATION

DEC 07 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM HOUSTON, | No. 08-17711 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01980-FCD-CHS |
| v. | |
| D. K. SISTO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Senior District Judge, Presiding

Submitted November 29, 2010[**]
San Francisco, California

Before: SCHROEDER, THOMAS, and GOULD, Circuit Judges.

Habeas petitioner William Houston challenges his California state

conviction of two counts of robbery. He contends that he was denied his Sixth

Amendment right to self-representation. The state court of appeal's finding that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his request was untimely and its affirmance of the trial court's denial of the request for self-representation did not violate any clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1). The Supreme Court in *Faretta v. California*, 422 U.S. 806 (1975), confirmed that the right to represent oneself is embedded in the Sixth Amendment, *id.* at 819, but the request for self-representation must be unequivocal and timely, *id.* at 835–36. A request for self-representation must not be a tactic to secure delay. *Armant v. Marquez*, 772 F.2d 552, 555 (9th Cir. 1985).

The record supports the state court's finding that petitioner's request was intended to cause delay. Petitioner had withdrawn his earlier request for self-representation, and renewed it only on the day set for trial. *See Fritz v. Spalding*, 682 F.2d 782, 784–85 (9th Cir. 1982) (stating that in deciding whether a *Faretta* motion was made for the purpose of delay, courts must consider the events preceding the motion to determine whether defendant could reasonably be expected to have made the motion earlier). Here, petitioner could, and did, make a request earlier. The second request was appropriately viewed as a delaying tactic.

**AFFIRMED**.