ECKERSTROM, Chief Judge:
¶ 1 Victor Weaver appeals from his convictions and sentences for possession of marijuana, possession of drug paraphernalia, and resisting arrest. He contends the trial court committed structural error by denying his motion to represent himself. We agree, and for the following reasons vacate the decision of the trial court, vacate the convictions and sentences, and remand for further proceedings.
Factual and Procedural History
¶ 2 "We view the facts in the light most favorable to sustaining the trial court's ruling." State v. Colvin , 231 Ariz. 269, ¶ 2, 293 P.3d 545 (App. 2013). In August 2015, early in the morning, Casa Grande police officers responded to an apartment complex following reports that an individual had been "loud and disturbing." An officer approached Weaver and saw he was holding an aluminum can with burn marks and a depression in the middle, something the officer recognized as a crude marijuana pipe. In response to the officer's request, Weaver dropped the can but then took a "boxer's stance" and began jabbing at the air, asking the officer if he "wanted to go for it." Two other officers approached Weaver from behind, and he assumed the same stance toward one of them. The first officer warned Weaver to "calm down or he would be Tased." Weaver nevertheless maintained his stance, and the officer deployed a Taser and arrested him.
¶ 3 On the morning of trial, before calling the first panel of jurors, Weaver stated he wanted to represent himself. When the trial court asked if he was prepared to begin trial that morning, Weaver said he was not and requested a continuance. After a brief recess during which the court reviewed the case file and certain reports pertaining to Weaver's competency, the court denied the request finding it "untimely and that it would cause a disruption or delay to the trial." A few minutes later, Weaver, through counsel, asked whether he would be able to participate in his case, and the court told him he would be able to testify if he so chose.
¶ 4 After a recess, but before the first potential jurors entered the courtroom, Weaver indicated "he still want[ed] to represent himself and [was] ready to go" without continuing the trial. The court stated it had "already ruled on that motion" and the trial was "moving forward."
¶ 5 Following lunch recess, the prosecutor notified the court that the denial might be an "appellate issue." The court reiterated that Weaver's request was not timely because, although his case had been pending for a year, he only raised the issue "literally five minutes before we brought the jury up." In the alternative, the court determined granting the request "would disrupt or delay the proceedings" because it believed Weaver's earlier statements that he was not prepared to proceed to trial over his later assertion that he was ready. On the second and final day of trial, the court made an additional *471 record based on its reading of Arizona case law that a motion for self-representation is not necessarily timely if made before jury selection begins, but depends on "all the other factors" of the case.
¶ 6 After trial, the jury found Weaver guilty of all three counts as described above. The court suspended imposition of his sentence and placed Weaver on supervised probation for two years. Weaver appealed; we have jurisdiction. See A.R.S. §§ 13-4031, 13-4033(A)(1).
Right to Represent Oneself
¶ 7 Weaver argues the trial court committed structural error by summarily denying his motion to represent himself. We review a decision denying a defendant's motion to proceed pro se for an abuse of discretion. State v. McLemore , 230 Ariz. 571, ¶ 15, 288 P.3d 775 (App. 2012). "[A]n erroneous failure to accord a defendant his properly asserted right to represent himself when he is competent to waive counsel in a criminal case is structural error requiring reversal without a showing of prejudice." Id. (collecting cases). Structural error is one that affects "the framework within which the trial proceeds, rather than simply an error in the trial process itself." State v. Torres , 208 Ariz. 340, ¶ 11, 93 P.3d 1056 (2004), quoting Arizona v. Fulminante , 499 U.S. 279, 310, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).
¶ 8 The right to self-representation is "necessarily implied by the structure of the [Sixth] Amendment," such that the state may not "constitutionally hale a person into its criminal courts and there force a lawyer upon him ... when he insists that he wants to conduct his own defense." Faretta v. California , 422 U.S. 806, 807, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) ; see also U.S. Const. amend. VI ; Ariz. Const. art. II, § 24. To proceed pro se, a competent[1] defendant must unequivocally invoke his right to self-representation, McLemore , 230 Ariz. 571, ¶ 17, 288 P.3d 775, and such invocation must be voluntary and knowing. State v. De Nistor , 143 Ariz. 407, 412, 694 P.2d 237, 242 (1985). When a defendant's request is untimely, whether to grant the opportunity to waive counsel is squarely within the court's discretion. Id. at 413, 694 P.2d at 243 (enumerating factors). However, when a defendant's request is timely, the court's discretion is more narrowly circumscribed; namely, the court may deny a competent defendant's motion if it determines he made it for the purpose of delaying or disrupting trial. McLemore , 230 Ariz. 571, ¶ 17, 288 P.3d 775.
Request Must Be Timely
¶ 9 Generally, a request is timely if made "before meaningful trial proceedings have commenced." State v. Lamar , 205 Ariz. 431, ¶ 22, 72 P.3d 831 (2003), quoting Armant v. Marquez , 772 F.2d 552, 555 (9th Cir. 1985). Although some courts have indicated a defendant must invoke his right "somewhat in advance of trial," De Nistor , 143 Ariz. at 412-13, 694 P.2d at 242-43, citing State v. Sheppard , 172 W.Va. 656, 310 S.E.2d 173, 189 (1983), our supreme court has signaled such motion is timely if made before the jury is empaneled. Id. , citing Fritz v. Spalding , 682 F.2d 782, 784 (9th Cir. 1982) ; see also State v. Cornell , 179 Ariz. 314, 326, 878 P.2d 1352, 1364 (1994) ("[I]t is uniformly held that all motions [for self-representation] made after jury selection has begun are untimely...."); Barnes v. State , 258 Ark. 565, 528 S.W.2d 370, 372, 375 (1975) (request made in morning on first day of trial timely).
¶ 10 The state argues a majority of courts consider a motion made on the first *472 day of trial untimely, see State v. Thompson , 190 Ariz. 555, 557 n.1, 950 P.2d 1176 (App. 1997), and invites us to adopt such a rule. Accordingly, they urge us to disregard as dictum our supreme court's approval of the approach in Fritz , which specifies that a request made before the jury is empaneled is timely. 682 F.2d at 784 ; De Nistor , 143 Ariz. at 412-13, 694 P.2d at 242-43. Likewise, the state insists a similar signal of approval for motions made on the first day of trial, issued by our supreme court in Lamar, is unavailing because the request there was made nearly a month before trial. See 205 Ariz. 431, ¶¶ 22-23, 72 P.3d 831, citing Armant , 772 F.2d at 555. Although Arizona has no binding precedent on this issue, what guidance our supreme court has provided favors the approach in Fritz , indicating that motions for self-representation made before a jury is empaneled are timely. Accordingly, we decline to adopt a rule to the contrary. See Alejandro v. Harrison , 223 Ariz. 21, ¶ 12, 219 P.3d 231 (App. 2009) (dicta not binding, but has persuasive value). Thus, although Weaver made his requests at the last possible moment before jury selection began, his requests were timely. See De Nistor , 143 Ariz. at 412-13, 694 P.2d at 242-43.
Not for Delay
¶ 11 In Thompson , we concluded that a trial court retains discretion to deny a timely motion for self-representation if the record supports that it was made for the purpose of delay. 190 Ariz. at 557, 950 P.2d at 1178. There, the defendant had failed to appear for a previous trial date, could not explain why his motion had not been brought earlier, stated only that counsel "did not have enough time to do [his defense] like [he] would do it [him]self." Id. Also, despite assurances he was ready to proceed, the defendant stated he was "unsure that he was prepared to give an opening statement," but "with a little bit of time, ... could put together a better defense for [him]self." Id.
¶ 12 Here, the record demonstrates only that Weaver valued his right to self-representation over any desire to postpone the trial. Although he first stated he was not ready to proceed and requested a continuance, he withdrew that request and affirmed his readiness to proceed when the trial court denied his request for self-representation on the basis that a continuance would not be granted.[2] And although the trial court stated its belief that Weaver was not prepared to try his case, neither the court nor the state cite any authority that a defendant's right to self-representation depends on his readiness, as opposed to ensuring his competence. See State v. Doss , 116 Ariz. 156, 160, 568 P.2d 1054 (1977) (court's "protecting duty" pertains to "whether there is an intelligent and competent waiver by the accused"); cf. Faretta , 422 U.S. at 835, 95 S.Ct. 2525 (defendant need not have "skill and experience" of a lawyer). But even assuming the court had a duty to evaluate Weaver's readiness, the court undertook no fact-finding to determine what had changed between Weaver's first and second request or whether it reasonably could have remedied any lack of readiness; for example, by appointing his attorney as "standby counsel." McKaskle v. Wiggins , 465 U.S. 168, 184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984) (court may appoint counsel over defendant's objection to explain and enforce courtroom protocol and overcome "routine obstacles").
¶ 13 We do not doubt Weaver's self-representation would have extended the overall length of the trial given his naiveté in trial practice. Cf. Faretta , 422 U.S. at 834, 95 S.Ct. 2525 ("It is undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts."). But this is a feature of all trials involving self-represented litigants and therefore cannot alone be a plausible basis for denying the right. In the absence of an accompanying request for a continuance, the possibility of a longer trial coming to light before the initiation of the jury-selection process does not amount to *473 delay that warrants denying a defendant his constitutional right to self-representation. See De Nistor , 143 Ariz. at 412-13, 694 P.2d at 242-43 (request for self-representation timely before jury empaneled). Accordingly, the record is bereft of any basis to conclude that Weaver's second request to represent himself was motivated to delay the trial.
Not to Disrupt
¶ 14 Relying on United States v. Edelman , the state argues the trial court's ruling was proper in light of the "special facts of this case" indicating that granting Weaver's request would disrupt trial. 458 F.3d 791, 808-09 (8th Cir. 2006) (defendant's motion to proceed pro se accompanied by other "essentially frivolous" motions, demonstrating attempt to "disrupt or delay" start of trial); see McLemore , 230 Ariz. 571, ¶ 17, 288 P.3d 775. The state urges the court must have discretion to distinguish between "a sincere desire to dispense with the benefits of counsel" and a "manipulative effort to present particular arguments," Edelmann , 458 F.3d at 809, quoting United States v. Frazier-El , 204 F.3d 553, 560 (4th Cir. 2000). In this context, the state observes that Weaver initially articulated an intention to assert a "clearly frivolous" religious defense.
¶ 15 But Weaver responded that he still wished to represent himself even after the trial court alerted him that no such defense would be allowed. In context, that response suggests that Weaver accepted the trial court's limitation. Furthermore, the court made no finding that Weaver was asserting his right in order to make his religious argument, and nothing in the record suggests otherwise. Although the court repeatedly expressed concerns about "disrupt [ing]" trial, the record does not support that those concerns arose from an expectation that Weaver would persist in attempting to present a frivolous defense. Rather, the court failed to specify the cause for its concerns. We therefore understand the court's concerns about disruption as those typically arising in the context of any pro se litigant untrained in the law and courtroom procedure. Accordingly, we cannot say this concern justified denying Weaver's motion to represent himself. See McLemore , 230 Ariz. 571, ¶ 17, 288 P.3d 775.
Disposition
¶ 16 Although trial courts retain considerable discretion over last-minute requests for self-representation, the court here did not sufficiently identify an adequate basis to deny Weaver's request and sufficient facts are not apparent from this record.[3] See id. Thus, we determine the trial court committed structural error by denying Weaver's request to represent himself. See id. ¶ 15. We therefore vacate the decision of the trial court, vacate Weaver's convictions and sentences, and remand for further proceedings.

"[C]ompetence to waive the constitutional right to counsel is the primary restriction on the free-exercise of self-representation." McLemore , 230 Ariz. 571, ¶ 17, 288 P.3d 775. Weaver underwent a competency evaluation before trial pursuant to Rule 11, Ariz. R. Crim. P., and the trial court reviewed the resulting report in response to his request to represent himself. The state suggests the denial "clearly reflect[ed] the court's finding that [Weaver] was not 'competent' " based on its unique position to observe his "demeanor and emotional presentation." The court, however, did not mention any concern with Weaver's competency or behavior at trial, much less make an express determination concerning either. Although we will uphold the court's ruling for any legally correct reason supported by the record, see State v. Childress , 222 Ariz. 334, ¶ 9, 214 P.3d 422 (App. 2009), we are reluctant to say the court made an implicit determination that he was incompetent to represent himself.

The state argues that if Weaver's second statement that he was "ready to go" was true, then his first invocation, coupled with a continuance, must have been a delay tactic. Therefore, the state argues, the court had a proper basis to deny his last-minute request. While this might dispose of the first request as a delay tactic, it does not resolve the second.

To be clear, the trial court was not obligated to grant Weaver's motion. Indeed, an eleventh-hour request for self-representation suggests a defendant may not be making an informed, intelligent decision. The court could have conducted a Faretta colloquy and denied the request if it determined Weaver had not "competently and intelligently" invoked his right to self-representation. Faretta , 422 U.S. at 814, 95 S.Ct. 2525. Alternatively, after he became aware of the "dangers and disadvantages of self-representation" during such hearing, Weaver may have been dissuaded from exercising his right. Id. The court could also have developed a record demonstrating that Weaver was not truly prepared to proceed and merely intended to delay the trial. See Thompson , 190 Ariz. at 557, 950 P.2d at 1178.