Alexander AVILA, Petitioner–Appellee,

v.

Ernest ROE, Respondent–Appellant.

No. 01–15003.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 17, 2002.

July 31, 2002.

Peggy S. Ruffra, Deputy Attorney General, San Francisco, California, for the respondent-appellant.

Michael A. Willemsen, Mountain View, California, for the petitioner-appellee.

Before: GOODWIN, SNEED and TROTT, Circuit Judges.

## OPINION

GOODWIN, Circuit Judge.

The State of California appeals a judgment granting a writ of habeas corpus to remedy a *Faretta* violation.[1] For the reasons that follow, we reverse and remand.

## BACKGROUND

In June 1993, appellee Alexander Avila was indicted on two counts of child molestation. Several weeks prior to trial, Avila moved to substitute his appointed counsel pursuant to *People v. Marsden,* 2 Cal.3d 118, 84 Cal.Rptr. 156, 465 P.2d 44 (1970), on the ground that counsel was dilatory in pursuing Avila's case. After conducting a *Marsden* hearing, the Superior Court denied Avila's motion.

On the day of trial, but prior to jury selection, defense counsel offered to stipu-

---

1. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (recognizing the Sixth Amendment right of a defendant to represent himself in criminal proceedings).

late that the prosecution need not show that Avila's intent was "lewd and lascivious." The court asked counsel to consult with his client, and counsel reported that Avila did not consent to the stipulation. Defense counsel nevertheless asked the court to accept the stipulation, thereby prompting Avila to exclaim: "I object, your Honor."

The court informed Avila that he must make his objections through his lawyer. After rejecting the proposed stipulation, the court further admonished Avila: "I want to indicate to you, sir, that during the trial, you're not to speak. You can speak through your attorney ... I don't want any outbursts in court."

Avila responded: "I don't want him as my attorney. I never did want him as my attorney. I filed a *Marsden* motion.... I can't say anything while he's around. Things I do want to say, he doesn't say for me, so I—I want to go into proper."

The court interpreted Avila's statements as a *Faretta* request, but denied the request as untimely. The court reasoned that the jury "is waiting to come in, and.... I'm not going to delay the trial." The trial proceeded on schedule and Avila was convicted.

Avila appealed through the state courts, arguing that the trial court erred in denying his *Faretta* request. Avila contended that his request was not made for the purpose of delay. The appellate court rejected Avila's argument:

> Defendant argues that he did not make his motion for the purposes of delay, because he requested propria persona status immediately when he was first informed by the trial court that he would not be allowed to participate in the trial. We disagree with this characterization of the record. At the Mars-

den hearing held three months earlier, the trial court explained in some detail the limitations of a defendant's role when represented by counsel. Defendant chose not to represent himself at that time. Thus, given that defendant already knew he would not be able to address the court except through counsel, the request in the instant case was not made within a reasonable period before trial.

The court of appeals concluded that Avila's request for self-representation was untimely and therefore that it was properly denied by the trial court. The California Supreme Court denied review.

Avila subsequently filed a habeas petition in federal district court. After initially denying the petition, the district court granted Avila's motion for reconsideration and ultimately granted the writ, ordering Avila to be released or retried within ninety days.[2] The district court found that Avila "provided a credible basis for his request for self-representation, stating that he was dissatisfied with his appointed counsel and that his counsel did not adequately represent his views. Petitioner's genuine conflict with his counsel is further exemplified by their sharp disagreement regarding entry into the stipulation."

The district court also found that Avila's request for self-representation was not made for the purpose of delaying the proceedings:

> Although the trial court noted that a consequence of granting Petitioner's request for self-representation would be to delay the proceedings, there is no evidence in the record to support the contention that Petitioner's request was an attempt to delay the proceedings.... The record is devoid of any evidence

2. The district court's order has been stayed pending this appeal.

that Petitioner's request was a dilatory tactic.

The state filed a timely notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 2253. Because Avila filed his habeas petition before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), our analysis is governed by the former 28 U.S.C. § 2254(d) and pre-AEDPA law. *Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Under the former § 2254(d), state court factual determinations—even if they are made by a state appellate court—are entitled to a presumption of correctness. *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

DISCUSSION

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to self representation. *Faretta*, 422 U.S. at 819–20, 95 S.Ct. 2525. To invoke this right, a defendant's pro se request must be timely. *United States v. Kizer*, 569 F.2d 504, 507 (9th Cir.1978). In this circuit, a *Faretta* request is timely if made before jury impanelment, "unless it is shown to be a tactic to secure delay." *Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir.1982); *see also Moore v. Calderon*, 108 F.3d 261, 264 (9th Cir.1997); *Savage v. Estelle*, 924 F.2d 1459, 1463 n. 7 (9th Cir.1990).[3] Here, Avila's *Faretta* request was made prior to jury impanelment. Consequently, his request was timely as a matter of federal law, and he is entitled to a writ of habeas corpus, *unless* his request was made for the purpose of delaying the proceedings.

In *Fritz*, we identified factors that courts may consider when determining whether a defendant's *Faretta* motion was made for the purpose of delay. These factors include: (1) the effect of any resultant delay on the proceedings; and (2) "the events preceding the motion, to determine whether they are consistent with a good faith assertion of the *Faretta* right and whether the defendant could reasonably be expected to have made the motion at an earlier time." *Fritz*, 682 F.2d at 784–85; *see also United States v. Kaczynski*, 239 F.3d 1108, 1116 (9th Cir.2001); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir.1989); *United States v. Smith*, 780 F.2d 810, 812 (9th Cir.1986); *Armant v. Marquez*, 772 F.2d 552, 558 (9th Cir.1985). In effect, the factors described in *Fritz* instruct the district court to consider the totality of the circumstances leading up to Avila's *Faretta* motion and the resulting effect that granting the motion would have had on the proceedings.

Here, with respect to the first *Fritz* factor, the district court failed to examine the effect that any delay would have had on the proceedings. With respect to the second *Fritz* factor, although the district court discussed the disagreement between Avila and his counsel, the court failed to discuss the state appellate court's finding that Avila already knew, prior to the court's admonition immediately preceding his *Faretta* motion, that he "would not be able to address the court except through counsel." The district court's failure to consider the entirety of the events preceding Avila's *Faretta* request led the court to

---

**3.** The California Supreme Court has articulated a different rule: under California law, a *Faretta* motion is considered timely if made a reasonable time before trial. *See People v. Clark*, 3 Cal.4th 41, 99, 10 Cal.Rptr.2d 554, 833 P.2d 561 (1992); *People v. Burton*, 48 Cal.3d 843, 852, 258 Cal.Rptr. 184, 771 P.2d 1270 (1989). Although both the state superior court and the state appellate court applied the California rule, we are obligated to follow the Ninth Circuit rule. *See Moore*, 108 F.3d at 264.

conclude that "the record is devoid of any evidence that Petitioner's request was a dilatory tactic." This is simply wrong: the state appellate court's rejection of Avila's "good faith" contention, and the facts underlying the rejection of Avila's contention, constitute some evidence of a dilatory intent on the part of Avila. The district court's finding that there was *no* evidence of a dilatory intent was clearly erroneous, and its analysis of the timeliness issue was flawed as a result.

Notwithstanding the district court's analysis, the question remains: does an independent review of the state-court record support the district court's conclusion that Avila's *Faretta* motion was not a dilatory tactic? Viewing the state court record in the light of *Fritz*, we find that the record is unclear. Although there is some evidence that Avila made the motion in good faith, *viz*, Avila's disagreement with his trial counsel over the tactical value of a stipulation to prevent perhaps damaging testimony, one could also conclude that Avila's motion was intended to delay the proceedings. The state appellate court found that Avila had been instructed at his *Marsden* hearing about the pros and cons of having counsel, and that he could have requested self-representation then, which he declined to do. Additionally, Avila's *Faretta* request, if it had been granted, might have resulted in delaying the proceedings (and perhaps prejudicing the prosecution or injecting error into the trial).

■ Accordingly, we remand the case for an evidentiary hearing to clarify the factual record and to establish whether Avila's motion was made for the purpose of delay. At the hearing the district court

should consider the totality of the circumstances leading up to Avila's *Faretta* motion and the effect that granting the motion would have had on the proceedings.[4]

Because we remand for an evidentiary hearing, we decline to reach the remainder of the arguments raised by the parties.

VACATED and REMANDED.

Opinion by Judge GOODWIN.

---

4. In remanding for an evidentiary hearing, we note that although findings by state trial and appellate courts are generally entitled to a presumption of correctness under former § 2254(d), no deference to state court findings is warranted where "the material facts were not adequately developed in state court." *Fritz*, 682 F.2d at 785.