Chet Randall PRUITT, Petitioner—
Appellee,

v.

C.K. PLILER, Warden;  Bill Lockyer,
Attorney General, Respondents—
Appellants.

No. 05–55929.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 5, 2006.

Decided May 8, 2006.

James H. Broderick, Jr., Esq., Adam
Randall Fox, Esq., Xianchun J. Vendler,

Esq., Squire, Sanders & Dempsey, LLP, Los Angeles, CA, for Petitioner–Appellee.

Chet Randall Pruitt, CSPS–California State Prison, Represa, CA, pro se.

Janelle M. Boustany, AGCA–Office of the California Attorney General, San Diego, CA, for Respondents–Appellants.

Before: BRIGHT,* PREGERSON, and ALARCON, Circuit Judges.

### MEMORANDUM **

The State of California appeals the district court's grant of habeas corpus relief to Petitioner Chet Randall Pruitt. The district court found that Petitioner's Sixth Amendment rights were violated when the state trial court granted, but later revoked, Petitioner's request to represent himself at trial. The district court found that the California Court of Appeal's holding that Petitioner's request was untimely was contrary to clearly established Supreme Court precedent in *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). The district court also found that the appellate court's conclusion that Petitioner made his request only to delay proceedings was not entitled to a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), or supported by the record. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On May 22, 1998, Petitioner made a *Faretta* request, asking that he be permitted to represent himself at trial. Judge Sheldon, in charge of the master calendar

for criminal matters, responded that he would "take that up next week" and "[l]eave it the 12th and 15th." On June 10, 1998, Judge Dougherty addressed Petitioner's *Faretta* request. Petitioner also made a *Marsden* motion, seeking to substitute his counsel. That night, Petitioner completed forms relating to both his *Marsden* and *Faretta* requests. The next morning, after Judge Dougherty denied Petitioner's *Marsden* motion, Petitioner reiterated his desire to represent himself. The judge warned Petitioner of the dangers of proceeding *pro se*, noted that Petitioner appeared to have "above average intelligence," and found that Petitioner's waiver of his right to counsel was knowing and intelligent. The judge then granted Petitioner's *Faretta* request.

On June 12, 1998, the prosecutor asked Judge Dougherty to reconsider his decision to grant Petitioner *pro se* status. Because the trial was only a few days away, the prosecutor maintained that Petitioner's *Faretta* motion was not made "within a reasonable time prior to the commencement of trial," as required by California law. *See People v. Burton*, 48 Cal.3d 843, 258 Cal.Rptr. 184, 771 P.2d 1270 (1989). Judge Dougherty admitted that this was a concern, but noted that Petitioner's motion appeared to comply with Ninth Circuit law. *See Moore v. Calderon*, 108 F.3d 261 (9th Cir.1997)

Petitioner requested a sixty-day continuance to review records, interview new witnesses, and prepare for trial. The judge denied this request, but Petitioner maintained his intention to proceed *pro se*. Judge Dougherty then revoked his earlier decision to allow Petitioner to represent

---

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

himself. The case proceeded to trial, and Petitioner was convicted on nearly all counts. After trial, Petitioner moved for a new trial, arguing that the court had improperly denied him the right to represent himself at trial. Judge Dougherty denied the motion, finding that Petitioner's *Faretta* motion was untimely because it was made to delay trial.

■ We review *de novo* the district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition. *See Leavitt v. Arave*, 371 F.3d 663, 668 (9th Cir. 2004). In this case, because the California Supreme Court summarily denied review, we review the California Court of Appeal's decision. *See Marshall v. Taylor*, 395 F.3d 1058, 1060 (9th Cir.2005). Because Petitioner's habeas petition was filed after April 24, 1996, AEDPA governs this petition. *See Slack v. McDaniel*, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Silva v. Woodford*, 279 F.3d 825, 831 (9th Cir.2002). Under AEDPA, a petitioner must demonstrate that the state court's adjudication of the merits resulted in a decision (1) that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court, or (2) that was based on an unreasonable determination of the facts. *See Ramirez v. Castro*, 365 F.3d 755, 762 (9th Cir.2004). State court findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Davis v. Woodford*, 333 F.3d 982, 991 (9th Cir.2003). "To the extent it is necessary to review findings of fact made in the district court, the clearly erroneous standard applies." *Silva*, 279 F.3d at 835. Clear error review is "significantly deferential," and we "must accept the district court's factual findings absent a definite and firm conviction that a

mistake has been committed." *Id.* (internal quotations omitted).

■ The State contends that the California Court of Appeal correctly found that Petitioner's *Faretta* request was untimely. Citing *People v. Burton*, 48 Cal.3d 843, 258 Cal.Rptr. 184, 771 P.2d 1270 (1989), the California Court of Appeal held that Petitioner's *Faretta* request was not made "within a reasonable time prior to the commencement of trial." *Id.* at 1275. However, because Petitioner made his May 22, 1989, *Faretta* request "weeks before trial," *Faretta v. California*, 422 U.S. 806, 815, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the state appellate court's finding of untimeliness conflicts with the Supreme Court's decision in *Faretta*.

■ The State next asserts that Petitioner's *Faretta* request was improper because it was made to delay trial. A timely *Faretta* request need not be granted if it is made merely for the purposes of delay. *See United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir.2004) (recognizing that a *Faretta* motion must be granted if it is "timely, *not for the purposes of delay,* unequivocal, and knowing and intelligent" (emphasis added)). To determine whether the request is made in good faith or merely to delay, a court may consider events preceding the *Faretta* motion. *See Fritz v. Spalding*, 682 F.2d 782, 784 (9th Cir. 1982). The fact that delay will result from a defendant's *Faretta* motion is insufficient, without more, to justify the motion's denial. *See id.* Rather, the record must contain "an affirmative showing of purpose to secure delay." *Id.*

Because (1) a delay in the trial proceedings would not have prejudiced the court or the prosecution; (2) Petitioner's *Faretta* request appears to have been asserted in good faith; and (3) the *Faretta* request could not have reasonably been made earlier in the proceedings, Petitioner's *Faretta*

request was not a delay tactic. *See Avila v. Roe*, 298 F.3d 750, 753 (9th Cir.2002). Consequently, clear and convincing evidence demonstrates that the California Court of Appeal made an objectively unreasonable determination of the facts when it concluded that Petitioner's request to represent himself was properly revoked because his request was made for the purpose of delay. *See* 28 U.S.C. § 2254(d); *Sanders v. Lamarque*, 357 F.3d 943, 950 (9th Cir.2004).

Finally, the State maintains that Petitioner abandoned his May 22, 1989, *Faretta* request because it was equivocal. We note, as an initial matter, that this argument was not raised below and, therefore, we need not address it. *See Dream Palace v. County of Maricopa*, 384 F.3d 990, 1005 (9th Cir.2004). However, assuming that the argument is properly before the court, we find that it lacks merit because the *Faretta* request was voluntary, sincere, and unambiguous, *see Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir.1990), and permissibly conditioned on not being granted substitute counsel, *see United States v. Hernandez*, 203 F.3d 614, 621–22 (9th Cir.2000) (noting that "the conditional nature of the defendant's [*Faretta*] request was not evidence of equivocation").

Because Petitioner's *Faretta* request was timely, unequivocal, and not made to delay trial, the district court properly found that Petitioner's Sixth Amendment rights were violated when the state trial court granted, but later revoked, Petitioner's request to represent himself at trial.

**AFFIRMED.**