# IN THE COURT OF APPEALS OF IOWA

No. 3-1212 / 13-0386
Filed April 30, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES ALLEN WEHR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Angela L. Doyle, District Associate Judge.

James Wehr appeals his conviction for operating while intoxicated, claiming the court erred in refusing to allow him to proceed pro se at trial. **REVERSED AND REMANDED.**

Jennifer Bonzer of Johnson & Bonzer, P.L.C., Fort Dodge, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Cori Kuhn-Coleman, County Attorney, and Jennifer Benson, Assistant County Attorney, for appellee.

Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

James Allen Wehr appeals his conviction for operating while intoxicated, first offense. He claims the district court violated his Sixth Amendment right to self-representation[1] by refusing to allow him to represent himself at trial. The record does not contain a specific finding by the district court that Wehr's morning-of-trial motion to represent himself was a tactic to delay the start of trial. Accordingly, we reverse and remand for a new trial.

## I. Background Facts and Proceedings

Wehr was charged with operating while intoxicated in June 2012. *See* Iowa Code section 321J.2 (2011). At his July arraignment, Wehr appeared pro se, entered a plea of not guilty, and requested a speedy trial. Trial was set for August 21, 2012. Wehr appeared pro se the morning of trial and requested a continuance in order to obtain counsel. Wehr waived his right to a speedy trial, and the court continued trial to October 23, 2012.

Wehr appeared pro se on the morning of trial. The court conducted a colloquy and advised Wehr of his right to proceed without counsel pursuant to *Faretta v. California*, 422 U.S. 806, 821 (1975). *See State v. Cooley*, 608 N.W.2d 9, 14 (Iowa 2000) (recognizing a defendant's "right to self-representation" and requiring the district court to inform the defendant about the disadvantages

---

[1] Wehr's Sixth Amendment claim is based on the United States Constitution. He does not assert a similar violation based on the Iowa Constitution. Accordingly, we address only the Sixth Amendment claim. *See State v. Pals*, 805 N.W.2d 767, 771–72 (Iowa 2011) (noting that while the language of the United States Constitution and the Iowa Constitution may be nearly identical, "we jealously protect this court's authority to follow an independent approach under our state constitution").

of self-representation by an inquiry as long and as thorough as the circumstances of the case demand).

Wehr told the court he had talked to a few attorneys but he could not afford their retainer. The court then discussed Wehr's financial situation at length before concluding a "deeper analysis of your financial situation makes it [clear] that without court-appointed counsel you would not be able to have a lawyer in this case." The court told Wehr it would appoint the public defender to represent him and also stated: "Because I'm going to appoint counsel for you, I'm going to continue the trial in this matter."

That same day, October 23, the court filed an "Order of Continuance" ruling "counsel should be appointed to represent [Wehr] and the jury trial continued." The court set a pretrial conference on October 31. The court also filed a separate "Order of Appointment of Counsel."

Defense counsel filed an appearance on October 24. At the October 31 pretrial conference, Wehr's attorney requested a continuance, and the State did not resist. The court continued trial and set a pretrial conference on November 7, 2012. The court's post-conference November 7 order stated "a jury trial will be needed . . . this matter should be scheduled for a date certain." The court also ordered Wehr's case "shall be tried in the LEADOFF position" on January 23 and set a final pretrial conference on January 22.[2] The court ordered the parties to submit briefs and proposed jury instructions by January 17, 2013.

---

[2] The court's original November 7 order set trial for January 22 with a pretrial conference on January 21. The court, sua sponte, moved the trial and pretrial conference dates

On January 15 the court cancelled the pretrial conference "[d]ue to the unavailability of the Court" and ordered the parties to appear for a pretrial conference forty-five minutes before the January 23, 9:00 a.m. trial. On the morning of trial, the pretrial conference was held in chambers. Wehr informed the court:

> JAMES WEHR: There is one motion at this point as a matter of record, I'm dismissing counsel and I will be going pro se. I don't believe it's in my best interests.
> THE COURT: Why?
> JAMES WEHR: We've gone through several meetings. Everything I bring up as far as what I feel is a violation of my rights, the law itself I believe to be unlawful, every time I've asked for a motion or for him to file a motion, I've been told it's been frivolous. We've had several weeks, there's a third party on here that hasn't been subpoenaed or did we even depose them at all. I don't see— the only thing that I've been pushed for is to enter a plea bargain, which I don't agree with, so—and he has stated several times he has no defense and every defense I bring up I've been told it's frivolous or can't work that way, the law doesn't work that way. I believe in my rights and I understand the State has their tolerance towards OWIs, I have zero tolerance when it comes to my rights.

The court asked if defense counsel would like to respond. Defense counsel noted a response could "get into attorney-client privilege." The hearing then went off the record.

> THE COURT: Let's go back on the record. The record should reflect that this is, in fact, the third time we've called a jury panel in on this matter.[3] Initially, we had jury trial set in this matter due to a speedy trial demand by Defendant. Defendant at that time was unrepresented by counsel. On the morning of trial with a panel present in the courtroom, I met in chambers with Defendant and counsel for the State. At that time Defendant waived his right to

---

forward one day due to the January 21 court closure for the Martin Luther King Jr. holiday.
[3] We note the jury venire was assembled and waiting only because the district court cancelled Wehr's pretrial conference set for the previous day.

speedy trial and asked for the appointment of counsel. Trial was continued due to that request.

We again convened on a rescheduled trial date. Again called the jury panel in, and at that time the Court had a lengthy colloquy with Defendant on the record related to his representation by counsel. Defendant at that time again requested the appointment of counsel. After the lengthy colloquy regarding Defendant's ability to qualify for court-appointed counsel, the Court appointed the Public Defender to represent him in these matters.

This is the third time now we have called a jury panel in to try this case and now Defendant is requesting that his counsel be dismissed. Based upon Defendant's arguments to the Court this morning and the history of this case . . . I am going to decline Defendant's request that counsel be dismissed. I do not find that Defendant has presented to the Court good cause[4] for dismissal of counsel. In fact, based upon my lengthy conversations with Defendant in the past, I find that counsel should be—should continue to represent Defendant, so Mr. Wehr, your request that [Defense Counsel] be dismissed as your counsel is denied this morning.

The jury trial commenced with court-appointed counsel representing Wehr. The jury found Wehr guilty as charged.[5] Wehr now appeals the court's ruling denying his request to represent himself at trial.

---

[4] A defendant who has been appointed a competent attorney must show good cause for substitute counsel, and a defendant's refusal without good cause to proceed with that attorney is a voluntary waiver of the right to counsel. *See State v. Martin*, 608 N.W.2d 445, 449 (Iowa 2000). Where good cause does not exist to appoint substitute counsel, the court requires a defendant "to choose between two options: continue using present counsel or proceed pro se." *Id.* ("The latter choice—proceeding pro se—requires a careful line of questioning on the part of the trial court to determine whether the defendant knowingly and intelligently waived his right to counsel."); *see State v. Hoppe*, 88 P.3d 690, 694 (Idaho 2003) (reversing trial court's denial of a request for self-representation based on defendant's failure "to show very good cause" and ruling a court's focus is not on the "validity" of the reason but on the "right to represent himself"— a "defendant need not have a valid reason for seeking to act as his own attorney any more than he or she needs a valid reason to exercise any other constitutional right"). We note the district court did not give Wehr that choice or "conduct a careful line of questioning" on the record.

[5] The court sentenced Wehr to ninety days in jail with all but forty-eight hours suspended. The court ordered Wehr to pay $300 of $600 in statutory attorney fees. The court imposed the applicable fines and surcharges, placed Wehr on supervised probation for one year, and revoked his driver's license for 180 days.

## II.     Standard of Review

The parties dispute the applicable standard of review.  Wehr claims our review is de novo because his claim involves a constitutional issue—the court's denial of his Sixth Amendment right to represent himself.  *See State v. Rater*, 568 N.W.2d 655, 657-58 (Iowa 1997) (stating before the Sixth Amendment right to self-representation attaches, a defendant must voluntarily, clearly, and unequivocally elect to proceed without counsel by knowingly and intelligently waiving his Sixth Amendment right to counsel).

The State claims our review is for an abuse of discretion, citing an unpublished case: *State v. James*, No. 10-0307, 2011 WL 1136439, at *1–2 (Iowa Ct. App. Mar. 30, 2011) (noting other jurisdictions apply an abuse of discretion standard where a defendant requests to represent himself during trial but also noting our supreme court had not explicitly adopted that standard and, therefore, conducting a de novo review of the defendant's mid-trial request to fire his attorney and represent himself).

We review the constitutional issue de novo until such time as we have a clear instruction from our supreme court to apply a different standard.  *See State v. Martin*, 608 N.W.2d 445, 449 (Iowa 2000) (stating we review a district court's denial of a request to substitute counsel for an abuse of discretion, but we review de novo a claim the defendant's Sixth Amendment rights were violated).

### III. The Sixth Amendment Right to Self-Representation

#### A. Clear and Unequivocal Request by Defendant

In 1975, the United States Supreme Court first recognized a defendant has a constitutional right to represent himself under the Sixth Amendment. *Faretta*, 422 U.S. at 821. The Court stated: "Unless the accused has acquiesced in such representation, the defense presented is not the defense guaranteed him by the Constitution, for, in a very real sense, it is not his defense." *Id.* The Court ruled:

> The right to defend is personal. The defendant, and not his lawyer or the State, will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. And although he may conduct his own defense ultimately to his own detriment, his choice must be honored . . . .

*Id.* at 834 (citation omitted). In order to represent himself, the accused must make the request "clearly and unequivocally." *Id.* at 835. "Unlike the Sixth Amendment right to counsel, which is in effect until waived, the right of self-representation is not effective until asserted." *Rater*, 568 N.W.2d at 658. Wehr, at the pretrial conference on the morning of trial, "clearly and unequivocally" invoked his constitutional right to represent himself. *See id.*

#### B. Timeliness of Defendant's Request

*Faretta* left several procedural questions unanswered, such as: "How soon in the criminal proceeding must a defendant decide between proceeding by counsel or pro se?" 422 U.S. at 852 (Blackmun, J., dissenting). Subsequently, the United States Supreme Court ruled: "As the *Faretta* opinion recognized, the right to self-representation is not absolute. The defendant must 'voluntarily and

intelligently' elect to conduct his own defense and *most courts* require him to do so in a timely manner." *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161-62 (2000) (emphasis added) (citations omitted) (citing John F. Decker, *The Sixth Amendment Right to Shoot Oneself in the Foot: An Assessment of the Guarantee of Self-Representation Twenty Years After* Faretta, 6 Seton Hall Const. L.J. 483, 544-50 (1996)). Thus, even at the trial level "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Id.* at 162.

Iowa is among a handful of jurisdictions yet to address what constitutes a timely request under *Faretta*. Wehr's request was made at the pretrial conference on the morning of trial, *before* the jury voir dire and *before* the jury was impaneled. The question on appeal is whether the timing of Wehr's request to dismiss counsel and represent himself permitted the district court to deny his request.[6]

Our federal appellate court has ruled: "[T]he right to self-representation is unqualified only if demanded before trial. Once trial commences, that right is subject to the trial court's discretion which requires a balancing of the defendant's legitimate interests in representing himself and the potential disruption and possible delay of proceedings already in progress." *United States v. Wesley*, 798 F.2d 1155, 1155 (8th Cir. 1986) (citation omitted).

---

[6] One year prior to *Faretta*, our supreme court recognized "the right of an accused to represent himself becomes curtailed after commencement of the trial." *State v. Smith*, 215 N.W.2d 225, 227 (Iowa 1974) (ruling a defendant waived his right to proceed pro se by failing to make an unequivocal request—during trial the defendant asked "only to conduct a portion of various cross-examinations" and repeatedly stated he wanted court-appointed counsel to continue).

Other federal appellate courts have held a defendant's motion for self-representation is timely if advanced before the jury is picked—absent an affirmative showing the motion was a tactic to secure delay. *See, e.g.*, *United States v. Bankoff*, 613 F.3d 358, 373 (3d Cir. 2010) (noting such requests had been ruled timely "even when made on the eve of trial" and when "made on the first day of trial but before jury selection" and concluding, "after the jury has been empaneled—the right of self-representation is curtailed"); *United States v. Tucker*, 451 F.3d 1176, 1180-82 (10th Cir. 2006) (listing cases and concluding the "prevailing rule [holds] a motion for self-representation is timely if it is made before the jury is impaneled, unless it is a tactic to secure delay"); *United States v. Washington*, 353 F.3d 42, 46 (D.C. Cir. 2004) (stating a defendant's request "is timely if made before meaningful trial proceedings have begun"); *United States v. Walker*, 142 F.3d 103, 108 (2d Cir. 1998) (concluding the defendant's request—made "after nineteen days" of voir dire and when jury selection "was virtually completed"—was untimely); *Chapman v. United States*, 553 F.2d 886, 894 (5th Cir. 1977) (recognizing courts have held "the right to self-representation is timely if asserted before the jury is empaneled, at least where there is no suggestion that the motion . . . is a tactic to secure delay").

A factually-similar case to this case is *Buhl v. Cooksey*, 233 F.3d 783 (3d Cir. 2000). Defendant Buhl's (second) request to proceed pro se was made on the morning of trial and immediately before the jury was impaneled. 233 F.3d at 788. The trial court denied Buhl's request, and the state appellate court affirmed his conviction, finding the request "untimely because the judge would have had to

continue the trial . . . . [T]he prosecutor's 'legitimate demand for stability in scheduling of cases was properly accorded priority.'" *Id.* (quoting *State v. Buhl*, 635 A.2d 562, 572 (N.J. Super. Ct. App. Div. 1994)).

Buhl filed a petition for habeas corpus, claiming the trial court failed to comply with *Faretta*. *Id.* The Third Circuit granted relief and explained an appellate court first determines whether a defendant's request "triggered an inquiry under *Faretta*. If it did, [the appellate court] must then determine whether the [trial] court's inquiry was adequate"—the trial court must "fully inform [the defendant] in some manner of the nature of the charges against him, the possible penalties, and the dangers of self-representation." *Id.* at 791. The court ruled once Buhl asserted his right to proceed pro se, the "trial court was obligated to undertake an appropriate inquiry under *Faretta* even though Buhl's request apparently rested upon nothing other than dissatisfaction with defense counsel." *Id.* at 794.

The Third Circuit clarified that the trial court's inquiry is required even when the court suspects the defendant is "'attempting to disrupt the administration of justice by manipulative requests for, and dismissals of, counsel.'" *Id.* at 796 (quoting *United States v. Welty*, 674 F.2d 185, 189 (3d Cir. 1982)). Specifically:

> A court may conclude that a defendant who intends nothing more than disruption and delay is not actually tendering a knowing, voluntary and intelligent waiver of counsel, and has not unequivocally asserted the constitutional right to conduct his/her own defense. While this determination may well present difficulties, it is the kind of inquiry district courts routinely make. However, the court cannot properly make such a determination without first conducting an adequate inquiry under *Faretta*.

*Id.* at 797 (citations omitted).

While recognizing the "right of self-representation is not a license to disrupt the criminal calendar, or a trial in progress," the court concluded Buhl's request was timely because the trial was not in progress "prior to jury selection." *Id.* at 797-98 (collecting cases from other circuits). The *Buhl* court also determined the trial court failed to conduct an adequate inquiry:

> Buhl did not request substitute counsel . . . . [I]n a case where a defendant only asks to proceed pro se, the court must make some inquiry about a defendant's reasons for the request . . . . [T]he trial judge must "[t]ake particular pains in discharging . . . these inquiries. Perfunctory questioning is not sufficient. This is true even when the trial judge strongly suspects that the defendant's requests are disingenuous and designed solely to manipulate the judicial process and to delay the trial. Although such tactics by an accused cannot be allowed to succeed, at the same time, a trial cannot be permitted to go forward when a defendant does not fully appreciate the impact of his actions on his fundamental rights."

*Id.* at 798-99 (quoting *Government of Virgin Islands v. James*, 934 F.2d 468, 471 (3d Cir. 1991)).

We, like the majority of courts addressing this issue, conclude a trial court must be "permitted to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." *United States v. Frazier-El*, 204 F.3d 553, 560 (4th Cir. 2000). The right of self-representation does not exist "to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *Id.* (internal citations omitted). But "[d]elay per se is not a sufficient ground for denying a defendant's constitutional right to self-representation." *Fritz v.*

*Spalding*, 682 F.2d 782, 784 (9th Cir. 1982); *see Avila v. Roe*, 298 F.3d 750, 753 (9th Cir. 2002) (granting habeas corpus relief when a defendant's motion was made prior to jury selection and the trial court found the request untimely because the jury "is waiting to come in").

Here, Wehr's request was made prior to the jury being impaneled. Consequently, most courts would rule his request timely "*unless* his request was made for the purpose of delaying the proceedings." *Avila*, 298 F.3d at 753; *see United States v. Washington*, 596 F.3d 926, 940 (8th Cir. 2010) (stating "this court expressly premised its holding [in *Edelmann*] on 'the special facts' present"); *United States v. Edelmann*, 458 F.3d 791, 809 (8th Cir. 2006) (upholding the denial of a request to proceed pro se—made four to five days before trial—"given the special facts of this case"); *see also Tucker*, 451 F.3d at 1181-82 (stating a prior case—finding untimely a request made six days before trial—did not create a general rule at odds with other circuits' jury-had-not-been-impaneled general rule because the prior case's ruling was premised on "specific circumstances").

Wehr utilized counsel for three months and his reasons for seeking self-representation included an assessment his counsel thought the defenses he wanted to raise were frivolous. On appeal, Wehr claims he was not attempting to delay the trial and points out he did not seek a continuance when he requested to proceed pro se. At the time the court was notified of Wehr's request, the court failed to inquire whether Wehr fully appreciated the impact of his action. Rather, the court relied upon the lack of good cause for the dismissal of his attorney and

the history of the case. The defendant has a right to proceed pro se if the request is timely, he fully appreciates the facts, and his request is not intended as a delay tactic. Without a proper inquiry, the district based its decision on an improper standard and inquiry.

Viewing the record in the context of the above authorities, we conclude the record is unclear as to whether Wehr's request was an untimely request "made for the purpose of delaying the proceedings." *See Avila*, 298 F.3d at 753. Importantly, the district court did not ask Wehr if he was requesting a continuance or question Wehr to probe for evidence of any dilatory intent. Nor did the district court find Wehr's motion was a tactic to delay the start of trial. *See United States v. Mackovich*, 209 F.3d 1227, 1237 (10th Cir. 2000) (upholding the trial court's *specific finding* the request was "merely an effort to again delay the trial" where the defendant coupled a first-day-of-trial request for self-representation with "yet another motion for continuance to prepare" and with a threat to "stand mute").

Upon our de novo review of the record—a record devoid of the necessary on-the-record questions and findings—we reverse and remand for a new trial. *See Turner*, 644 F.3d at 720 ("Even though a defendant may conduct his own defense to his detriment by relinquishing the benefits associated with the right to counsel, his choice must be honored."); *Rater*, 568 N.W.2d at 661 ("Harmless error analysis is not applicable to Sixth Amendment right to self-representation questions.").

**REVERSED AND REMANDED.**