**IN THE COURT OF APPEALS OF IOWA**

No. 19-0611
Filed January 23, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JAMES ALLEN WEHR,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Calhoun County, Adria Kester, Judge.

James Wehr appeals his conviction of driving while barred as a habitual offender.  **AFFIRMED.**

Ashley Beisch of Wild, Baxter & Sand, P.C., Guthrie Center, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**MULLINS, Judge.**

In 2013, James Wehr accumulated three convictions of operating while intoxicated (OWI). His driver's license was barred on the basis that he was a habitual offender within the meaning of Iowa Code section 321.555(1)(b) (2013) for accumulating three OWI convictions within a six-year period. In April 2014, this court reversed the earliest of the three convictions and remanded the matter for a new trial. *See generally State v. Wehr*, 852 N.W.2d 495 (Iowa Ct. App. 2014). Wehr was never retried. However, the barment was never lifted. Wehr was then convicted, following guilty pleas, of driving while barred on four occasions between 2014 and 2016. Those convictions still stand.

On July 25, 2018, Assistant Police Chief Michael Anderson was on routine patrol in Rockwell City when he observed Wehr driving a motor vehicle. Anderson was aware Wehr's driver's license was barred. Anderson attempted to initiate a traffic stop, but Wehr continued driving. While following him, Anderson confirmed with dispatch that Wehr's license was barred. Wehr drove to his residence, where Anderson made contact with him and advised him of the reason for the traffic stop. Wehr advised he was in the process of appealing his barment with the department of transportation (DOT) and provided Anderson with a letter that his appeal was granted. However, the letter also advised Wehr his license was still invalid.

Wehr was ultimately charged with driving while barred as a habitual offender in violation of Iowa Code section 321.561 (2018). Following a bench trial, he was found guilty as charged. He appealed following the imposition of sentence.

On appeal, Wehr challenges the sufficiency of the evidence supporting the guilty verdict. He also seems to argue his conviction is invalid because his initial

barment was rendered improper. He finally argues counsel rendered ineffective assistance in various respects.[1]

As to the sufficiency of the evidence, Wehr seems to argue the State was required to show the DOT gave him notice his license was barred and the State failed to meet its burden. Because mailing of notice of barment is not a required element of the offense, we reject the challenge. *See State v. Williams*, 910 N.W.2d 586, 587, 594 (Iowa 2019).

Next, to the extent Wehr argues his conviction is invalid because his initial barment was improper, "[t]he validity of the DOT adjudication was never impugned prior to the criminal prosecution," and courts thus have no authority to consider the collateral attack. *See State v. Clark*, 608 N.W.2d 5, 9 (Iowa 2000).

As to his ineffective-assistance claims, Wehr "must establish by a preponderance of the evidence that '(1) his trial counsel failed to perform an essential duty, and (2) this failure resulted in prejudice.'" *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018) (quoting *State v. Harris*, 891 N.W.2d 182, 185 (Iowa 2017)); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). Failure to prove either will preclude relief. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

---

[1] As the State points out, recent legislation, effective July 1, 2019, forecloses our ability to consider ineffective-assistance-of-counsel claims on direct appeal. *See* 2019 Iowa Acts ch. 140, § 31 (codified at Iowa Code §§ 814.7). However, the State filed its brief before our supreme court decided whether the legislation is retroactive. The court recently ruled the new legislation does "not apply to a direct appeal from a judgment and sentence entered before July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

First, Wehr generally argues his counsel was ineffective in failing to investigate or call witnesses concerning the DOT's barment of his license. Because, as noted, the court had no authority to consider the collateral attack on the administrative adjudication, we find no reasonable probability of a different outcome and conclude counsel was not ineffective. *See State v. Baltazar*, 935 N.W.2d 862, 869 (Iowa 2019).

He next argues counsel was ineffective in essentially conceding he was guilty as charged in closing argument. While defense counsel acknowledged Wehr was a habitual offender in the technical statutory sense, he argued the previous driving-while-barred charges were based "on an erroneous record of his barment." Given the factual and legal background, that was about the best argument that could be made. Again, we find no reasonable probability of a different outcome and conclude counsel was not ineffective. *See id.*

Finally, Wehr vaguely argues "counsel was ineffective for not filing a motion in arrest of judgment." He does not provide a specific argument as to the ground or grounds upon which such a motion should have been pursued. Under these circumstances, we would normally consider an argument on appeal waived. *See* Iowa R. App. P. 6.903(2)(g)(3); *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review."); *see also Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [a party] might have made and then search for legal authority and comb the record for facts to support such arguments."). However, when an ineffective-assistance-of-counsel claim is raised on direct appeal, we are required to *either* decide the record is adequate to decide the claim

*or* choose to preserve the claim for postconviction-relief proceedings. *State v. Harris*, 919 N.W.2d 753, 754 (Iowa 2018) ("If the development of the ineffective-assistance claim in the appellate brief was insufficient to allow its consideration, the court of appeals should not consider the claim, but it should not outright reject it."); *State v. Johnson*, 784 N.W.2d 192, 199 (Iowa 2010) (discussing Iowa Code § 814.7(3)).[2] We decline to speculate upon arguments that could have been made and then address their merits. We preserve the claim for a possible postconviction-relief proceeding.

**AFFIRMED.**

---

[2] We note the previously discussed legislative amendment to section 814.7 necessarily struck the requirement that we either decide the claim or preserve it for postconviction relief. *See* 2019 Iowa Acts ch. 140, § 31. As noted, this case is decided under the prior version of the statute. *See Macke*, 933 N.W.2d at 228.