# IN THE COURT OF APPEALS OF IOWA

No. 24-1344
Filed May 7, 2025

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**COURTNEY SHANE SMITH,**
　　Defendant-Appellant.
_____

　　Appeal from the Iowa District Court for Polk County, David Nelmark, Judge.


　　A defendant appeals his guilty plea. **APPEAL DISMISSED**.


　　Audra F. Saunders, West Des Moines, for appellant.

　　Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.


　　Considered without oral argument by Greer, P.J., and Langholz and Sandy, JJ.

**GREER, Presiding Judge.**

Courtney Smith was charged with one class "A" felony, murder in the first degree, and two class "D" felonies, possession of a firearm by a domestic abuse offender and possession of a firearm by a felon, stemming from events on August 6, 2022. The habitual offender enhancement applied to all three counts. Smith entered a guilty plea for the lesser-included charge of attempted murder after the court conducted a plea hearing with oral colloquy. He appeals, arguing he "was not aware of the consequences of entering a guilty plea to attempted murder."

Following our review, we find Smith failed to preserve error on the specific claim he raises and thus cannot establish good cause to appeal. As a result, we decline to reach the merits of his argument and dismiss the appeal.

**I. Background Facts and Proceedings.**

Smith's charges stem from his conduct with a firearm that resulted in an injury to the upper chest and eventual death of Scott Crane. Smith waived his right to a speedy trial on November 22, 2022. On July 3, 2024, the district court held a plea hearing where, after the court completed a full oral colloquy, Smith pled guilty to the lesser-included crime of attempted murder, a class "B" felony, and the State agreed to dismiss the remaining charges.

Shortly after the plea hearing, Smith asked the court to conduct a *Faretta* hearing[1] and allow him to proceed pro se. Before sentencing, the court engaged

---

[1] *See generally Faretta v. California*, 422 U.S. 806 (1975). "As the *Faretta* opinion recognized, the right to self-representation is not absolute. The defendant must 'voluntarily and intelligently' elect to conduct his own defense and most courts require him to do so in a timely manner." *State v. Wehr*, 852 N.W.2d 495, 499 (Iowa Ct. App. 2014) (quoting *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161–62 (2000)). "[T]he purpose of a *Faretta* inquiry is to establish a defendant

in a colloquy with Smith and then granted his request to represent himself but with stand-by counsel. Immediately after, with the State's agreement, the court elected to hear arguments on Smith's pending pro se motions, even though the motions were filed when Smith was represented by counsel. *Cf.* Iowa Code § 814.6A(1) (2024).

On the same day Smith moved to represent himself—July 15—he also filed a motion in arrest of judgment. Smith amended and then corrected this motion weeks later, on August 5. At the hearing on August 20, the court verbally alerted Smith that the motion in arrest of judgment was denied. The court later issued a written order denying each of Smith's three arguments—claims of prosecutorial misconduct, denial of a speedy trial, and violation of his *Miranda* rights.

The final portion of the August 20 hearing was reserved for sentencing. The court sentenced Smith to a term of incarceration not to exceed twenty-five years, with a mandatory minimum of seventy percent.

Smith appeals.

## II.  Standard of Review.

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

## III.  Discussion.

We must begin by determining if Smith has good cause for this appeal. "If good cause is lacking, the court has no jurisdiction, and the appeal must be dismissed." *State v. Rutherford*, 997 N.W.2d 142, 144 (Iowa 2023). "Iowa Code

---

actually understands the significance and consequences of an uncoerced decision to proceed pro se." *State v. Cooley*, 608 N.W.2d 9, 17 (Iowa 2000).

section 814.6 contains the standards for subject-matter jurisdiction for the review of a criminal defendant's appeal." *State v. Propps*, 897 N.W.2d 91, 96 (Iowa 2017). "[W]e generally lack jurisdiction over direct appeals from guilty pleas." *Rutherford*, 997 N.W.2d at 145. Iowa Code section 814.6 limits the right to appeal from a guilty plea to those who enter "a guilty plea for a class 'A' felony or in a case where the defendant establishes good cause." Iowa Code § 814.6(1)(a)(3). Good cause is defined as "a legally sufficient reason." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) (cleaned up). "A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal." *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021).

Generally, a defendant must file a motion in arrest of judgment to challenge their guilty plea. Iowa R. Crim. P. 2.24(3)(a)(2) (Supp. 2023) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."). "Requiring a motion in arrest of judgment ensures that there will be a district court ruling to review on appeal, and . . . provides the district court an opportunity to correct the error." *State v. Hanes*, 981 N.W.2d 454, 460 (Iowa 2022). In the instant matter, Smith filed a motion in arrest of judgment, which he later amended and then corrected. So he took at least some of the necessary steps to challenge his guilty plea on appeal.

But Smith's claim on appeal is that he did not understand the consequences of his plea, which was not a claim he made in his motion in arrest of judgment. Because he did not raise the issue in his motion in arrest of judgment, the district court did not rule on the issue Smith now asks us to consider. So, Smith failed to

preserve error on any alleged plea issues. *See State v. Chawech*, 15 N.W.3d 78, 83 (Iowa 2024) ("Because we are error-correction courts, we generally don't decide issues for the first time. Rather, we usually decide only those issues that were (1) properly raised in the district court and (2) ruled on by the district court."); *see also Hanes*, 981 N.W.2d at 460. Given the failure to preserve any issue for appeal, Smith does not have good cause to appeal, and thus, we dismiss this appeal. *See State v. Hernandez,* No. 23-1362, 2024 WL 3286979, at *1 (Iowa Ct. App. Jul. 3, 2024) ("Because Hernandez did not preserve error, we cannot provide any form of relief and Hernandez failed to establish good cause. We dismiss this attempted appeal."); *State v. Schroeder*, No. 24-1547, 2025 WL 1089810, at *1 (Iowa Ct. App. Apr. 9, 2025) (finding no good cause for appeal from a guilty plea where the defendant's only alleged error was unpreserved).

**APPEAL DISMISSED.**